Keith A. Meyer (SBN 106104)
kmeyer@reedsmith.com
Amber S. Finch (SBN 222321)
afinch@reedsmith.com
Anthony S. Newman (SBN 235514)
anewman@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2800
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000

Thomas Bunton (SBN 193560)
County Counsel
Maria L. Insixiengmay (SBN 281205)
maria.insixiengmay@cc.sbcounty.gov
Deputy County Counsel
SAN BERNARDINO COUNTY COUNSEL
385 N. Arrowhead Avenue, Fourth Floor
San Bernardino, CA 92415-0140
Telephone: +1 909 387 5455

Attorneys for Plaintiff
San Bernardino County

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN BERNARDINO COUNTY, a California public entity,

Plaintiff,

vs.

THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania insurance company,

Defendant.

Case No. 5:21-cv-01978-PSG-JEM

**SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THE COUNTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: BREACH OF ICSOP'S DUTY TO PAY DEFENSE COSTS AND ICSOP'S THIRD THROUGH SIXTH AND NINTH THROUGH FIFTEENTH AFFIRMATIVE DEFENSES**

[Filed concurrently with Notice of Motion; Memorandum of Points and Authorities; Declaration of Anthony S. Newman; and [Proposed] Order]

Hearing Date: April 7, 2023
Time: 1:30 p.m.
Courtroom: 6A

Honorable Philip S. Gutierrez

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56(c) and Judge Gutierrez's Standing Order section 6.c.1, Plaintiff San Bernardino County hereby submits this Separate Statement of Undisputed Material Facts in support of its Motion for Partial Summary Judgment, filed concurrently herewith.

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 1. From July 23, 1966 to July 23, 1975, San Bernardino County ("the County") was insured under the following three umbrella liability insurance policies issued by The Insurance Company of the State of Pennsylvania("ICSOP") (collectively, "the Policies"):<br><br>• Policy No. 426-0772, covering the period from July 23, 1966 to July 23, 1969 (the "66-69 Policy");<br><br>• Policy No. 429-0989, covering the period from July 23, 1969 to July 23, 1972 (the "69-72 Policy"); Policy No. TNSL-171T606-2-80; and<br><br>• Policy No. 4272-1195, covering the period from July 23, 1972 to July 23, 1975 (the "72-75 Policy"). | 1. Declaration of Anthony S. Newman ("Newman Decl."), Ex. A at PI00057-63; Ex. B at PI00064-70; Ex. C at PI00071-77; Newman Decl., Ex. D at 26:22-28:15, 13:15-14:6, 15:23-16:10; Newman Decl., Ex. E, ¶¶ 3-5, Exs. 2-4. |
| 2. Each of the Policies provide that ICSOP will "indemnify the Assured for all sums which the Assured shall be obligated to pay by reason of the liability … imposed upon the Assured by law … for … 'ultimate net loss' on account of … Property Damage … caused by or arising out of each occurrence…." | 2. Newman Decl., Ex. A at PI00059 [§ I Coverage]; Ex. B at PI00066; Ex. C at PI00073; Newman Decl., Ex. D at 26:22-28:15, 13:15-14:6, 15:23-16:10; Newman Decl., Ex. E, ¶¶ 3-5, Exs. 2-4. |

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 3. Each of the Policies defines "ultimate net loss" to mean:<br><br>the total sum which the Assured . . . become[s] obligated to pay by reason of … property damage … claims, either through adjudication or compromise, and shall also include … all sums paid as salaries, wages, compensation, fees, charges and law costs, … expenses for doctors, lawyers, nurses and investigators and other persons, and for litigation, settlement, adjustment and investigation of claims and which are paid as a consequence of any occurrence covered hereunder…. | 3. Newman Decl., Ex. A at PI00059 [Definition 6]; Ex. B at PI00066; Ex. C at PI00073; Newman Decl., Ex. D at 26:22-28:15, 13:15-14:6, 15:23-16:10; Newman Decl., Ex. E, ¶¶ 3-5, Exs. 2-4. |
| 4. Each of the Policies defines "Property Damage" to mean "loss of or direct damage to or destruction of tangible property (other than property owned by the Named Assured)." | 4. Newman Decl., Ex. A at PI00059 [Definition 3];Ex. B at PI00066; Ex. C at PI00073; Newman Decl., Ex. D at 26:22-28:15, 13:15-14:6, 15:23-16:10; Newman Decl., Ex. E, ¶¶ 3-5, Exs. 2-4. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 5. Each of the Policies defines "Occurrence," in relevant part, as follows:<br><br>The term "Occurrence" … shall mean an accident or a happening or event or a continuous or repeated exposure to conditions which unexpectedly and unintentionally results in property damage … during the policy period. All such exposure to substantially the same general conditions existing at or emanating from one premises location shall be deemed one occurrence. | 5. Newman Decl., Ex. A at PI00059 [Definition 5]; Ex. B at PI00066; Ex. C at PI00073; Newman Decl., Ex. D at 26:22-28:15, 13:15-14:6, 15:23-16:10; Newman Decl., Ex. E, ¶¶ 3-5, Exs. 2-4; *see also Ins. Co. of the Pa. v. Cty. of San Bernardino*, No. CV 16-0128 PSG (SSx), 2017 U.S. Dist. LEXIS 185541, *13-14 (C.D. Cal. July 24, 2017). |
| 6. Each of the Policies contains a "Limit of Liability" provision stating that ICSOP is only liable for ultimate net loss that is excess of either<br><br>(a) the limits of the underlying insurances as set out in the schedule in respect of each occurrence covered by said underlying insurance,<br><br>(b) the amount as set out in the declarations as the self-insured retention in respect of each occurrence not covered by said underlying insurance<br><br>(hereinafter called the "Underlying Limits")…. | 6. Newman Decl., Ex. A at PI00059 [§ II Limits of Liability]; Ex. B at PI00066; Ex. C at PI00073, Newman Decl., Ex. D at 26:22-28:15, 13:15-14:6, 15:23-16:10; Newman Decl., Ex. E, ¶¶ 3-5, Exs. 2-4. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 7. Each of the Policies contains a Notice of Occurrence provision that states:<br><br>Whenever the Assured has information from which the Assured may reasonably conclude that an occurrence covered hereunder involves injuries or damages which, in the event the Assured should be held liable, is likely to involve this Policy, notice shall be sent … as soon as practicable, provided, however, that failure to give notice of any occurrence which at the time of its happening did not appear to involve this policy but which, at a later date, would appear to give rise to claims hereunder, shall not prejudice such claims. | 7. Newman Decl., Ex. A at PI00061 [Condition G]; Ex. B at PI00068; Ex. C at PI00075; Newman Decl., Ex. D at 26:22-28:15, 13:15-14:6, 15:23-16:10; Newman Decl., Ex. E , ¶¶ 3-5, Exs. 2-4. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 8. Each of the Policies contains an Assistance and Cooperation provision that states: [ICSOP] shall not be called upon to assume charge of the settlement or defense of any claim made or suit brought or proceeding instituted against the Insured but [ICSOP] shall have the right and shall be given the opportunity to associate with the Assured or the Assured's underlying insurers, or both, in the defense and control of any claim, suit or proceeding relative to an occurrence where the claim or suit involves, or appears reasonably likely to involve [ICSOP], in which event the Assured and [ICSOP] shall co-operate in all things in the defense of such claim, suit or proceeding. | 8. Newman Decl., Ex. A at PI00061 [Condition H]; Ex. B at PI00068; Ex. C at PI00075; Newman Decl., Ex. D at 26:22-28:15, 13:15-14:6, 15:23-16:10; Newman Decl., Ex. E , ¶¶ 3-5, Exs. 2-4. |

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 9. Each of the Policies contains a Loss Payable provision that states:<br><br>Liability under this policy with respect to any occurrence shall not attach unless and until the Assured, or the Assured's underlying insurer, shall have paid the amount of the underlying limits on account of such occurrence. The Assured shall make a definite claim for any loss for which the Company may be liable under the policy within twelve (12) months after the Assured shall have paid an amount of ultimate net loss in excess of the amount borne by the Assured or after the Assured's liability shall have been fixed and rendered certain either by final judgment against the Assured after actual trial or by written agreement of the Assured, the claimant, and the Company. If any subsequent payments shall be made by the Assured on account of the same occurrence additional claims shall be made similarly from time to time. Such losses shall be due and payable within thirty (30) days after they are respectively claimed and proven in conformity with this policy. | 9. Newman Decl., Ex. A at PI00061 [Condition J]; Ex. B at PI00068; Ex. C at PI00075; Newman Decl., Ex. D at 26:22-28:15, 13:15-14:6, 15:23-16:10; Newman Decl., Ex. E, ¶¶ 3-5, Exs. 2-4. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 10. Each of the Policies contains an Other Insurance provision that states:<br><br>If other valid and collectible insurance with any other insurer is available to the Assured covering a loss also covered by this policy, other than insurance that is excess of the insurance afforded by this policy, the insurance afforded by this policy shall be in excess of and shall not contribute with such other insurance. Nothing herein shall be construed to make this policy subject to the terms, conditions and limitations of other insurance. | 10. Newman Decl., Ex. A at PI00061 [Condition L]; Ex. B at PI00068; Ex. C at PI00075; Newman Decl., Ex. D at 26:22-28:15, 13:15-14:6, 15:23-16:10; Newman Decl., Ex. E , ¶¶ 3-5, Exs. 2-4. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 11. Each of the Policies contains a Maintenance of Underlying Insurances provision that states, in relevant part:<br><br>It is a condition of this policy that the policy or policies referred to in the attached "Schedule of Underlying Insurances" shall be maintained in full effect during the currency of this policy except for any reduction of the aggregate limit or limits contained therein solely by payment of claims in respect of accidents and/or occurrences occurring during the period of this policy. Failure of the Assured to comply with the foregoing shall not invalidate this policy, but in the event of such failure, the Company shall only be liable to the same extent as they would have been had the Assured complied with said condition. | 11. Newman Decl., Ex. A at PI00061 [Condition S]; Ex. B at PI00068; Ex. C at PI00075; Newman Decl., Ex. D at 26:22-28:15, 13:15-14:6, 15:23-16:10; Newman Decl., Ex. E, ¶¶ 3-5, Exs. 2-4. |
| 12. Each of the Policies is subject to a $9 million limit of liability "in respect of each occurrence." | 12. Newman Decl., Ex. A at PI00058 [Declarations];Ex. B at PI00065; Ex. C at PI00072; Newman Decl., Ex. D at 26:22-28:15, 13:15-14:6, 15:23-16:10; Newman Decl., Ex. E, ¶¶ 3-5, Exs. 2-4; *see also Ins. Co. of the Pa. v. Cnty. of San Bernardino*, No. CV 16-0128 PSG (SSx), 2017 U.S. Dist. LEXIS 45031, at *2 (C.D. Cal. Mar. 8. 2017). |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 13. On or about October 31, 1990, the California Regional Water Quality Control Board, Santa Ana Region ("the CRWQCB"), issued Cleanup and Abatement Order No. 90-134, directing the County to take certain actions with respect to groundwater contamination allegedly emanating from the Chino Airport ("the 1990 CAO"). | 13. Newman Decl., Ex. F; Newman Decl., Ex. G at 105:19-106:9, 20:14-20:21, 21:3-22:2; 24:6-13. |
| 14. The 1990 CAO found that:<br><br>During the early 1940's, the Airport was owned by the federal government and was used for flight training, aircraft storage and sales. San Bernardino County Department of Airports (hereinafter Department of Airports) acquired the Airport in December 1948 and leased the property to Pacific Aeromotive Corporation, which operated the world's largest modification facility for military aircraft there. | 14. Newman Decl., Ex. F at P1013689; Newman Decl., Ex. G at 105:19-106:18, 20:14-20:21, 21:3-22:2; 24:6-13. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 15. The 1990 CAO found that:<br><br>The Airport became public in 1960. By 1968, the Airport had 34 tenants. Napalm, bombs, and other incendiary devices were manufactured for the federal government during the 1960's and early 1970's. By 1989, the Airport had 48 tenants who directly leased from the Department of Airports. Some of these tenants subleased portions of buildings to other businesses and individuals. | 15. Newman Decl., Ex. F at P1013689; Newman Decl., Ex. G at 105:19-106:18, 20:14-20:21, 21:3-22:2; 24:6-13. |
| 16. The 1990 CAO found that:<br><br>Past and present businesses and activities at the Airport include a flight academy, aircraft sales and storage, modification of military aircraft, crop dusting, aircraft-engine repair shops, aircraft painting, stripping and washing, dispensing facility for the application of fire retardant chemicals for forest fires and a maintenance and operational facility for United States Forest Service (USFS) aircraft. | 16. Newman Decl., Ex. F at P1013689; Newman Decl., Ex. G at 105:19-106:18, 20:14-20:21, 21:3-22:2; 24:6-13. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 17. The 1990 CAO also found that:<br><br>Hangers and other structures at the Airport have been used for various manufacturing and industrial purposes involving organic solvents since the early 1940's. The use of organic solvents at the Airport has been, and still is, widespread and varied. | 17. Newman Decl., Ex. F at P1013690; Newman Decl., Ex. G at 105:19-107:16, 20:14-20:21, 21:3-22:2; 24:6-13. |
| 18. In addition, the 1990 CAO found that:<br><br>Industries likely to have used chlorinated solvents have operated at the Airport since the early 1940's. Industrial wastes generated from these facilities have been discharged to the ground in various ways – on-site landfills, industrial wastewater disposal systems, sewage disposal systems (sewage treatment plant and septic tanks), and direct disposal to the ground. | 18. Newman Decl., Ex. F at P1013692; Newman Decl., Ex. G at 105:19-106:18; 107:18-108:12, 20:14-20:21, 21:3-22:2; 24:6-13. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 19. On March 25, 2008, John H. Eisel, a Risk Assessment Officer in the County's Department of Risk Management, sent a letter to Melissa Hinman, a Senior Claims Officer with the Chubb Group of Insurance Companies, and AIG Domestic Claims Inc. to notify ICSOP and Pacific Indemnity Company ("Pacific") of claims being made against the County for contamination alleged to have emanated from the Chino Airport, including the 1990 CAO. | 19. Newman Decl., Ex. I at PIMG001524-25; Newman Decl., Ex. H at 110:25-111:4, 19:7-19:20; 30:23-31:2. |
| 20. On or about June 27, 2008, the CRWQCB issued Cleanup and Abatement Order No R8-2008-064 (the "2008 CAO"), which superseded the 1990 CAO and directed the County to take certain actions with respect to groundwater contamination allegedly emanating from the Chino Airport. | 20. Newman Decl., Ex. J. |
| 21. On or about January 11, 2017, the CRWQCB issued Cleanup and Abatement Order No. R8-2017-0011 ("the 2017 CAO"), which superseded the 2008 CAO and directed the County to take certain actions with respect to groundwater contamination allegedly emanating from the Chino Airport. | 21. Newman Decl., Ex. K. |

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 22. In March 2012, the County filed a lawsuit against ICSOP in San Francisco County Superior Court, entitled *County of San Bernardino and San Bernardino County Flood Control District v. The Insurance Company of the State of Pennsylvania and C.V. Starr Co.*, Case No. CGC-12-518749, ("2012 Action"). | 22. Newman Decl., Ex. L. |
| 23. The County's Complaint in the 2012 Action alleged causes of action for breach of contract, breach of the covenant of good faith and fair dealing, and declaratory relief based on ICSOP's improper delay and denial of reimbursement for investigative costs incurred by the County in connection with alleged groundwater contamination emanating from the Chino Airport. | 23. Newman Decl., Ex. L, ¶¶ 1-2, 24-30. |
| 24. On May 21, 2012, ICSOP filed a demurrer to the First Amended Complaint in the 2012 Action. | 24. Newman Decl., Ex. M. |
| 25. On July 9, 2012, the court entered an order overruling ICSOP's demurrer in the 2012 Action and ruling that the "coverage sought is encompassed within the insuring language of the parties' insurance contracts." | 25. Newman Decl., Ex. N. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Undisputed Material Fact | Supporting Evidence |
| --- | --- |
| 26. On or about May 31, 2013, the County submitted a report to the CRWQCB entitled "Historical Site Assessment Report, Chino Airport, San Bernardino, California" ("the Historical Site Assessment Report") which had been prepared by the County's consultant Tetra Tech, Inc. ("Tetra Tech"). | 26. Newman Decl., Ex. O at SBC0000139-141; Newman Decl., Ex. P at 111:21-112:116, 22:2-22:25, 26:13-29:14. |
| 27. Section 5 the 2013 Historical Site Assessment Report identified twenty different Areas of Concern ("AOCs") at the Chino Airport where a release of contaminants had or may have occurred. | 27. Newman Decl., Ex. O at SBC0000191-95, SBC0000207; Newman Decl., Ex. P at 111:21-112:16, 22:2-22:15, 26:13-29:14. |
| 28. On or about May 5, 2008, Douglas Beal, of AIG Consultants, Inc., sent Jerri Walker of AIG Consultants, Inc. a Memorandum regarding the Chino Airport site and potential costs associated therewith, which stated that "[m]any tenants reportedly used chlorinated solvents, including TCE since the 1940s to the present. Potential releases of TCE likely occurred from onsite landfills, industrial wastewater disposal systems, sewage disposal systems and from surface spills." | 28. Newman Decl., Ex. R at PI013270-71; Newman Decl., Ex. Q at 56:18-57:11, 32:16-33:21, 35:15-36:11 Ex. 2. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 29. A "Report to Reinsurers" prepared by Michele Mehl, a Complex Director of AIG Claims, Inc., on or about September 8, 2014 regarding the County's claim for insurance coverage under the Policies for the groundwater contamination emanating from the Chino Airport ("the September 2014 Report to Reinsurers"), states:<br><br>In prior coverage litigation on this site, ICSOP argued unsuccessfully that its indemnity obligation, as it related to the reimbursement of defense costs, did not attach until the insured's liability was finally determined. The court determined that ICSOP was required to reimburse defense costs as those costs were incurred. | 29. Newman Decl., Ex. V at PIRK000413-15; Newman Decl., Ex. U at 79:17-80:13, 21:15-22:13, 23:5-24:19, 27:5-27:18. |
| 30. The September 2014 Report to Reinsurers also states, "As noted, ICSOP is obligated to drop down due to the absence of any suits that would implicate the primary insuring agreement." | 30. Newman Decl., Ex. V at PIRK000415; Newman Decl., Ex. U at 79:17-80:13, 21:15-22:13, 23:5-24:19, 27:5-27:18. |

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 31. A September 17, 2019 "Site Status Report" regarding the Chino Airport site signed by Douglas Beal of Rimkus Consulting Group, Inc. ("Rimkus") and addressed to Maria Gross of AIG's Environmental & Mass Tort Claims Department states:<br><br>Further, two groundwater plumes originate at the site. These plumes, are referred to as the West Plume and the East Plume:<br><br>• The West Plume (containing mainly TCE, cis-1,2-DCE, 1,2-DCA, and 1,2,3-TCP) extends from what is known as Area of Concern G (AOC G) to the south/southwest, terminating downgradient of the site, about 2.2 miles from the primary source area; and<br><br>• The East Plume (containing TCE, 1,2-DCA, and 1,2,3-TCP) extends from the area around the areas of concern identified as AOC EE and GG, south/southwest 0.6 mile and currently terminates onsite. | 31. Newman Decl., Ex. W at PI009940-50; Newman Decl., Ex. Q at 122:12-123:6, 32:16-33:21, 35:15-36:11. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 32. An Executive Claim Summary, dated March 12, 2012, prepared by Alla Huppert, an AIG claim handling technician, regarding the County's claim for insurance coverage under the Policies for the groundwater contamination emanating from the Chino Airport states, under the section titled "Next Steps":<br><br>Continue to investigate and pursue additional insurance coverage to respond to this loss, as well as responsible parties and contributory sources of contamination. Continue investigation at the site and develop remediation plan. Pursue global and structured settlement, if warranted. | 32. Newman Decl., Ex. Y at PI000159; Newman Decl., Ex. X at 59:8-63:15, 13:4-13:22, 15:4-15:6, 16:10-21:9, 23:17-23:25, 25:2-27:3, 41:14-43:19. |
| 33. A report, dated August 8, 2018, prepared by Maria Gross, then a complex director with AIG Claims, Inc., regarding the County's claim for reimbursement under the Policies for the costs of complying with government directives to clean up the groundwater contamination emanating from the Chino Airport ("the August 2018 Report") states that the 66-69 Policy "continues to respond to the County's claim" and indicates that "Precautionary Notice" was being given to ICSOP's reinsurers under the 69-72 Policy and the 72-75 Policy. | 33. Newman Decl., Ex. Z at PIMG004769; Newman Decl., Ex. D at 87:20-90:20, 13:15-14:6, 15:23-16:10. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 34. The August 2018 Report further states:<br><br>Indemnity payments are in accord with a 2012 Declaratory Judgment that requires ICSOP Policy 4260772 (1966-69), and successor Policies 4290989 (1969-72) and 42721195 (1972-75) to reimburse the County for occurrences necessitating clean-up costs imposed by water management authorities for groundwater pollution at three locations in California: Chino Airport, Yucaipa Landfill, and Mid Valley Landfill, Rialto. | 34. Newman Decl., Ex. Z at PIMG004769; Newman Decl., Ex. D at 87:20-90:20, 13:15-14:6, 15:23-16:10. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 35. The August 2018 Report goes on to state:<br><br>In 2008, the California Regional Water Quality Control Board (RWQCB) and the Chino Water Master directed the County to investigate potential source areas and required the delineation and remediation of an offsite plume which is impacting drinking water in the area. These investigations identified two groundwater plumes that originate at the site from specified areas of concern. The West Plume extends from area G to the south-southwest, terminating downgradient of the site, about 2.2 miles from the primary source area. The East Plume extends from around areas EE and GG to the south-southwest approximately 0.6 miles, and currently terminates onsite. | 35. Newman Decl., Ex. Z at PIMG004770; Newman Decl., Ex. D at 87:20-90:20, 13:15-14:6, 15:23-16:10. |
| 36. On or about December 15, 2016, Royce Knight, then an assistant vice president with AIG Claims, Inc., sent an email to David Schwier and Elaina Charas, both of AIG, marked “High” importance. It states “Contemplated reserve increases, based on information available at this time . . .<br><br>Chino[:] increase by approximately $36,000,000 (based on increased damage estimates, newly identified potential additional occ and potential coverage defenses) | 36. Newman Decl., Ex. BB at PIDS000055; Newman Decl., Ex. AA at 134:14-135:7, 19:19-21:3, 22:19-23:17; Newman Decl., Ex. X at 13:4-13:22, 15:4-15:6, 16:10-21:9, 23:17-23:25, 25:2-27:3, 41:14-43:19; Newman Decl., Ex. JJ at 19:2-20:2, 22:3-23:1. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 37. On December 21, 2016, Royce Knight, then an assistant vice president with AIG Claims, Inc., sent an email to John Haller, a senior vice president with AIG, copying Elaina Charas of AIG, with the subject line "RE: Reserve Movement $25M." For "Chino Airport," the email states:<br><br>Current exposure estimate increase by $27M gross; total exposure approx. $36M gross (paid +o/s) | 37. Newman Decl., Ex. CC at PIRK000277-78; Newman Decl., Ex. AA at 138:4-139:4, 19:19-21:3, 22:19-23:17; Newman Decl., Ex. X at 13:4-13:22, 15:4-15:6, 16:10-21:9, 23:17-23:25, 25:2-27:3, 41:14-43:19. |
| 38. On February 10, 2017, David Schwier, an Assistant Vice President in AIG's Environmental & Mass Tort Claims Department, sent an email to Jason Russ, a Principal at Milliman, responding to various questions from Mr. Russ, and in response to Mr. Russ's question regarding the "anticipated reserve increase" "[f]or San Bernardino," Mr. Schwier stated, in pertinent part:<br><br>182-121063 (Chino) $27.0M *increase* | 38. Newman Decl., Ex. DD at PIRK000261-62; Newman Decl., Ex. AA at 142:9-143:25, 19:19-21:3, 22:19-23:17. |
| 39. The Expert Report of Adam H. Love, Ph.D, dated February 8, 2023 and prepared for ICSOP's counsel in connection with this litigation, states as part of Dr. Love's "Opinion 3" that "Once the investigation of the remaining data gaps has concluded, a maximum of two releases may be possible." | 39. Newman Decl., Ex. E, p. 39. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 40. On September 9, 2021, Maria Gross of AIG, sent an email to Eric Broome, a Supervising Liability Claims Representative in the County's Department of Risk Management, with the subject line "San Bernardino/Chino – Phases 27, 28, 29," which states, "To date, ICSOP has paid $9 million in connection with the occurrence giving rise to the liability at the Airport. Given the $9 million limit of liability, $0 remains with respect to the occurrence giving rise to the liability." | 40. Newman Decl., Ex. FF at PIO12127; Newman Decl., Ex. S at 100:3-101:12, Ex. 50, 24:11-25:20, 31:14-18, 44:15-44:19. |
| 41. On September 13, 2021, Kristina Robb, a Principal Assistant County Counsel in the County's Office of County Counsel, sent an email to Maria Gross of AIG, with the subject line "San Bernardino/Chino Airport/on-going investigation," which provides "a non-exhaustive list of at least five distinct waste disposal methods, processes and/or operations that were likely sources of the groundwater contamination" at the Chino Airport. | 41. Newman Decl., Ex. GG at PIAE000067; Newman Decl., Ex. S at 196:9-197:9, 24:11-25:20, 31:14-31:18, 44:15-44:19. |
| 42. ICSOP is still investigating whether the groundwater contamination emanating from the Chino Airport is the result of more than one occurrence. | 42. Newman Decl., Ex. D at 255:4-255:10; Newman Decl., Ex. S at 72:20-72:25, 194:22-195:9, 24:11-25:20, 31:14-31:18, 44:15-44:19; Newman Decl., Ex. AA at 28:14-28:23; Newman Decl., Ex. X at 40:6-40:15, 13:4-13:22, 15:4-15:6, 16:10-21:9, 23:17-23:25, 25:2-27:3, 41:14-43:19. |

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 43. Since ICSOP refused to reimburse the County for any additional costs incurred in connection with the Chino Airport in September 2021, the County has continued to submit invoices to ICSOP for reimbursement relating to, among other things, investigative activities associated with the groundwater contamination beneath the Airport. | 43. Newman Decl., Ex. FF at PIO12127; Ex. OO, p. 2; Newman Decl., Ex. H at 98:23:-99:18, 9:6-10:16, 36:6-8; Newman Decl., Ex. S at 100:7-100:21, 24:11-25:20, 31:14-31:18, 44:15-44:19. |
| 44. In response to the County's Interrogatory No. 11, which asked ICSOP to identify all facts upon which each of its affirmative defenses is based and the identity of all persons with knowledge of such facts, ICSOP said the following with respect to its Third through Sixth Affirmative Defenses:<br><br>The County unduly delayed reporting this matter to ICSOP for over 17 years. The California Regional Water Quality Control Board originally required the County to investigate and remediate contaminants at the Chino Airport on or about October 31, 1990. However, the County first notified ICSOP of the matter on March 25, 2008. Gerard J. Thibeault is aware of the California Regional Water Quality Control. John Eisel is aware of the date the County first notified ICSOP. | 44. Newman Decl., Ex. HH at 17:19-25. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Undisputed Material Fact | Supporting Evidence |
| --- | --- |
| 45. In response to the County's Interrogatory No. 11, which asked ICSOP to identify all facts upon which each of its affirmative defenses is based and the identity of all persons with knowledge of such facts, ICSOP said the following with respect to its Ninth Affirmative Defense:<br><br>The Policies have a "NOTICE OF OCCURRENCE" Condition that requires the County to notify ICSOP as soon as practicable if the County has information from which it may reasonably conclude that an occurrence covered by the Policies involves damages likely to involve the Policies. The County unduly delayed reporting this matter to ICSOP for over 17 years. The California Regional Water Quality Control Board originally required the County to investigate and remediate contaminants at the Chino Airport on or about October 31, 1990. However, the County first notified ICSOP of the matter on March 25, 2008. Gerard J. Thibeault is aware of the California Regional Water Quality Control. John Eisel is aware of the date the County first notified ICSOP. | 45. Newman Decl., Ex. HH at 18:18-28. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 46. In response to the County's Interrogatory No. 11, which asked ICSOP to identify all facts upon which each of its affirmative defenses is based and the identity of all persons with knowledge of such facts, ICSOP said the following with respect to its Tenth Affirmative Defense:<br><br>The Policies have an "ASSISTANCE AND CO-OPERATION" condition that requires that the County and ICSOP cooperate in the defense of any claim, suit or proceeding that involves or appears reasonably likely to involve ICSOP. The County has failed to cooperate with ICSOP by failing to notify ICSOP of the 1990 Order until 2008. John Eisel is aware of this late notification. | 46. Newman Decl., Ex. HH at 19:1-6. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Undisputed Material Fact | Supporting Evidence |
| --- | --- |
| 47. In response to the County's Interrogatory No. 11, which asked ICSOP to identify all facts upon which each of its affirmative defenses is based and the identity of all persons with knowledge of such facts, ICSOP said the following with respect to its Eleventh Affirmative Defense:<br><br>The Policies' Ultimate Net Loss definition excludes expenses that are included in other valid and collectible insurance. Additionally, the Policies have an "OTHER INSURANCE" condition that states, in pertinent part: "If other valid and collectible insurance with any other insurer is available to the Assured covering a loss also covered by this policy, other than insurance that is in excess of the insurance afforded by this policy, the insurance afforded by this policy shall be in excess of and shall not contribute with such other insurance." The County has previously asserted that policies issued by other insurers, including Pacific Indemnity Company, Argonaut Insurance Company and Ranger Insurance Company, afford coverage for this matter. John Eisel is aware of such assertions. | 47. Newman Decl., Ex. HH at 19:1-6. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Undisputed Material Fact | Supporting Evidence |
| --- | --- |
| 48. In response to the County's Interrogatory No. 11, which asked ICSOP to identify all facts upon which each of its affirmative defenses is based and the identity of all persons with knowledge of such facts, ICSOP said the following with respect to its Twelfth Affirmative Defense:<br><br>The Policies have a "LOSS PAYABLE" condition that states, in pertinent part: "Liability under this policy with respect to any occurrence shall not attach unless and until the Assured, or the Assured's underlying insurer, shall have paid the amount of the underlying limits on account of such occurrence. The Assured shall make a definite claim for any loss for which the Company may be liable under the policy within twelve (12) months after the Assured shall have paid an amount of ultimate net loss in excess of the amount borne by the Assured or after the Assured's liability shall have been fixed and rendered certain either by final judgment against the Assured after actual trial or by written agreement of the Assured, the claimant, and the Company." The Complaint does not allege any final judgment against the County or any fixed amount agreed to in writing by the County, a claimant, and ICSOP. | 48. Newman Decl., Ex. HH at 19:18-20:2. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 49. In response to the County's Interrogatory No. 11, which asked ICSOP to identify all facts upon which each of its affirmative defenses is based and the identity of all persons with knowledge of such facts, ICSOP said the following with respect to its Thirteenth Affirmative Defense:<br><br>The County failed to exercise reasonable care and diligence to mitigate any damages sustained by reason of ICSOP's alleged acts. Therefore, any damages awarded to the County shall be limited to the damages the County would have sustained had the County mitigated its damages. The County may have incurred certain costs that may not have been reasonable and/or necessary; and this will be the subject of expert review and testimony. Therefore, ICSOP objects to this interrogatory as premature. | 49. Newman Decl., Ex. HH at 20:3-20:10. |

| Undisputed Material Fact | Supporting Evidence |
| --- | --- |
| 50. In response to the County's Interrogatory No. 11, which asked ICSOP to identify all facts upon which each of its affirmative defenses is based and the identity of all persons with knowledge of such facts, ICSOP said the following with respect to its Fourteenth Affirmative Defense:<br><br>The Policies have a MAINTENANCE OF UNDERLYING INSURANCES Condition that requires the County to maintain the policies in the attached "Schedule of Underlying Insurances." Pursuant to this condition, if the County fails to maintain such policies, ICSOP would only be liable to the same extent as if these policies had been maintained. ICSOP does not presently have sufficient information to determine if each of the policies identified in the Schedule of Underlying Insurances was maintained by the County, but it appears that the County did not maintain the underlying insurance throughout the policy period of the last ICSOP policy[.] | 50. Newman Decl., Ex. HH at 20:11-20. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Undisputed Material Fact | Supporting Evidence |
|---|---|
| 51. In response to the County's Interrogatory No. 11, which asked ICSOP to identify all facts upon which each of its affirmative defenses is based and the identity of all persons with knowledge of such facts, ICSOP said the following with respect to its Fifteenth Affirmative Defense:<br><br>The County has not provided sufficient information to ICSOP to establish more than one occurrence. Further, the exact nature of all the damages alleged by the County has not yet been determined. ICSOP expects that additional information supporting this affirmative defense may be obtained in discovery once all the County's damages are identified. | 51. Newman Decl., Ex. HH at 20:21-26. |
| 52. When ICSOP's 30(b)(6) designee, Andrew Engel, was asked to identify the facts on which ICSOP was relying in asserting its Third through Sixth, Tenth, Thirteenth, and Fifteenth Affirmative Defenses, the only information Mr. Engel identified is the information set forth in ICSOP's response to the County's Interrogatory No. 11. | 52. Newman Decl., Ex. S at 264:18-268:16, 24:11-25:20, 31:1-31:18, 44:15-44:19. |

DATED: February 15, 2023

REED SMITH LLP

By: /s/Anthony S. Newman
Anthony S. Newman
Attorneys for Plaintiff,
County of San Bernardino

REED SMITH LLP
A limited liability partnership formed in the State of Delaware