UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-01978 PSG (AS) | Date | February 20, 2024 |
|---|---|---|---|
| Title | San Bernardino County v. The Insurance Company of the State of Pennsylvania | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Kelly Davis | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING the County's motion *in limine* No. 3 [Dkt. # 156] and DENYING ICSOP's motion *in limine* No. 9 [Dkt. # 171].

Before the Court are two motions *in limine*. Plaintiff San Bernardino County's (the "County") motion *in limine* No. 3 seeks to preclude Defendant The Insurance Company of the State of Pennsylvania's ("ICSOP") from offering any evidence of prior payments made by ICSOP under Policy Nos. 429-0989 and 4272-1195 or any other evidence that the aggregate limits of those policies are eroded. *See generally* Dkt. # 156 ("*County MIL 3*"). ICSOP opposed, *see generally* Dkt. # 195 ("*County MIL 3 Opp.*"), and the County replied, *see generally* Dkt. # 244 ("*County MIL 3 Reply*"). ICSOP's motion *in limine* No. 9 seeks to preclude the County from offering evidence or argument regarding prior claims made under the ICSOP policies including a loss-run calculation reflecting such prior claims. *See generally* Dkt. # 171 ("*ICSOP MIL 9*"). The County opposed, *see* Dkt. # 191 ("*ICSOP MIL 9 Opp.*"), and ICSOP replied, *see* Dkt. # 255 ("*ICSOP MIL 9 Reply*"). The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing, and reply papers, the Court **GRANTS** the County's motion *in limine* No. 3 and **DENIES** ICSOP's motion *in limine* No. 9.

I.   Background

This case is about a dispute between the County and ICSOP over insurance coverage for groundwater contamination at the Chino Airport. *See* Dkt. # 123 ("*Sum. J. Order*"), 2. From July 23, 1966 to July 23, 1975, the County was insured by ICSOP under three umbrella liability insurance policies, each of which had a three-year policy term: (1) Policy No. 426-0772, for the period July 23, 1966 to July 23, 1969 (the "1966-69 Policy"); (2) Policy No. 429-0989, for the period July 23, 1969 to July 23, 1972 (the "1969-72 Policy") and (3) Policy No. 4272-1195, for the period July 23, 1972 to July 23, 1975 (the "1972-75 Policy") (collectively "ICSOP

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-01978 PSG (AS) | Date | February 20, 2024 |
|---|---|---|---|
| Title | San Bernardino County v. The Insurance Company of the State of Pennsylvania | | |

Policies"). *Id.* 3; *see also* Dkt. # 5 ("*Compl.*"), ¶ 26. Each of the ICSOP Policies also provides a $9 million per occurrence limit of liability. *Sum. J. Order* 3. And, at the summary judgment stage, the Court found that each of the ICSOP policies includes an annual aggregate limit of liability of $9 million. *Id.* 3, 14–16. As each ISCOP policy had a three-year term, the aggregate limit of liability set a coverage limit of $27 million for each policy.

ICSOP has paid the County approximately $9 million under the 1966-69 Policy to reimburse the County for costs that the County had incurred responding to environmental conditions at the Chino Airport. At issue in these motions *in limine* is evidence concerning if and how much ICSOP has reimbursed the County under the 1969-72 Policy or the 1972-75 Policy.

II.     Legal Standard

A motion *in limine* is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may also file a motion *in limine* to admit evidence. *See United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991). A court has the power to grant such motions pursuant to its "inherent authority to manage trials," even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Regardless of a court's initial decision on a motion *in limine*, however, it may revisit the issue at trial. *Id.* at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

Federal Rule of Civil Procedure ("FRCP") 26(e) requires that "[a] party . . . who has responded to an interrogatory, request for production, or request for admission . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Under FRCP 37, when "a party fails to provide information or identify a witness as required by [FRCP] 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (Rule 37(c)(1) forbids "the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed"). This is typically a self-executing, automatic sanction, unless the party failing to disclose the information can show either a "substantial justification" for the failure or that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-01978 PSG (AS) | Date | February 20, 2024 |
|---|---|---|---|
| Title | San Bernardino County v. The Insurance Company of the State of Pennsylvania | | |

failure was harmless. *See Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175, 1179–80 (9th Cir. 2008); Fed. R. Civ. P. 37(c)(1) advisory committee notes (1993) ("The revision provides a self-executing sanction for failure to make a disclosure required by Rule 26(a) . . . ."); *Yeti by Molly, Ltd.*, 259 F.3d at 1106–07.

Federal Rule of Evidence ("FRE") 401 defines "relevant evidence" as "evidence having tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under FRE 402, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." And FRE 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

III. Discussion

    A. County's motion *in limine* No. 3

The County argues that ICSOP cannot be allowed to introduce at trial any evidence of payments made under the 1969-72 Policy or the 1972-75 Policy or any erosion of the aggregate limits of those policies because ICSOP did not disclose any information regarding any prior payments made under those policies or that it believed the aggregate limits were eroded. *County MIL 3* 6:18–7:26; *see also id.* 2:17–19.

The County propounded discovery to determine how much money remained available under the later policies. The County served ICSOP in April 2022 an interrogatory that asked ICSOP: "For **each of the ICSOP Policies**, state the limits of liability applicable to the Chino Airport Claim that YOU contend remain available under the Policy as of November 22, 2021." *Declaration of Anthony Newman*, Dkt. # 156-1 ("*Newman Decl.*"), ¶ 3, Ex. B, *ICSOP's Responses to the County's First Set of Special Interrogatories*, Dkt. # 156-2 ("*County's First Set of Interrogatories*"), 11:19–22 (emphasis added).[1] ICSOP responded that "it has not made any

---

[1] The plain language of this interrogatory belies ICSOP's argument in its motion *in limine* No. 9 stating "[i]f the County wished to elicit ICSOP's position regarding erosion details for all payments made under the ICSOP Policies for all claims or relating to application of the aggregate limit to the Chino Airport claim, **it was incumbent upon the County to request**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-01978 PSG (AS) | Date | February 20, 2024 |
|---|---|---|---|
| Title | San Bernardino County v. The Insurance Company of the State of Pennsylvania | | |

contention regarding the remaining available limits for the Chino Airport Claim under **each of the ICSOP Policies**." *Id.* 11:24–12:4 (emphasis added). In addition, the County served ICSOP with a request for production seeking: "All Documents that refer to, reflect, or relate to any analysis by [ICSOP] of the erosion or exhaustion of the limits of liability applicable to the Chino Airport Claim under **any of the ICSOP Policies**." *Newman Decl.*, ¶ 4, Ex. C, *ICSOP's Responses to the County's First Set of Requests for Production*, Dkt. # 156-4 ("*County's First Set of RFPs*"), 12:15–17 (emphasis added). ICSOP agreed to produce responsive documents and indicated that "[t]hese documents [were] in the claim file being produced." *Id.* 12:19–13:13. ICSOP, however, only produced documents that related to ICSOP's payments ("loss run") under the 1966-69 Policy and never produced documents detailing ICSOP payments under the 1969-72 Policy or the 1972-75 Policy. *Newman Decl.* ¶ 5.

ICSOP now claims, without producing any supporting documentation including loss runs applicable to the 1969-72 Policy or the 1972-75 Policy, that ICSOP has paid out $62,431,862.28 under all three ICSOP Policies. *Declaration of Maria Gross*, Dkt. # 195-1 ("*Gross Decl.*"), ¶¶ 2–3. ICSOP fails to allocate the $62,431,862.28 to a specific policy, a specific year, or a specific claim. *Id.*

Despite never producing any discovery concerning erosion of the 1969-72 Policy or the 1972-75 Policy, ICSOP argues that its responses to the County's discovery were proper because the County "did not ask" for "all payments made under the ICSOP Policies and the allocation of those payments to particular ICSOP Policies." *County MIL 3 Opp.* 11:14–17. As to why it did not include information on the later policies in its interrogatory response, ICSOP explains that in light of the "anti-stacking provision" it understood the "County's request to request information relating to the number of applicable per occurrence limits under each ICSOP Policy." *Id.* 11:23–12:8. As to why it did not produce documents showing the payments made on the later policies, ICSOP explains that the "County did not request any accounting of the payments made under all of the ICSOP Policies concerning all claims or any allocation of those payments to specific ICSOP Policies." *Id.* 13:3–5. ICSOP further states that the "County's request was limited to an existing analysis of payments made regarding the Chino Airport claim and ICSOP produced the only analysis of erosion or exhaustion regarding the Chino Airport claim which consisted of a loss run that existed prior to the Court's aggregate limit ruling reflecting payments made with regard to this claim." *Id.* 12:21–25.

---

**information and positions of this nature through a written interrogatory** rather than a request for production of documents that merely sought an existing analysis that had not been previously prepared." *ICSOP MIL 9 Reply* 2:16–23 (emphasis added). The County clearly served an interrogatory seeking such information, which ICSOP never provided.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-01978 PSG (AS) | Date | February 20, 2024 |
|---|---|---|---|
| Title | San Bernardino County v. The Insurance Company of the State of Pennsylvania | | |

The Court agrees with the County. ICSOP failed to comply with its discovery obligations. And ICSOP's explanations for its responses to the County's discovery requests and its failure to supplement its responses under FRCP 26(e) are unpersuasive.

First, the plain language of the County's discovery clearly requests information regarding payments made and erosion limits for all three policies. The crux of the case involves whether the County can prove multiple occurrences and whether the investigation and remediation expenses fall within limits of liability for those occurrences. Given that these occurrences may have taken place in different years and ICSOP's policies contain per occurrence and aggregate limits, ICSOP's position that the County sought information for just one policy strains credulity, particularly as the County consistently referred to the multiple policies in its requests. Second, not only did ICSOP fail to properly respond or supplement its responses to the County's discovery,[2] ICSOP failed to provide a reason that would put the County on notice that responsive material existed. Taking ICSOP at its word that it believed the later policies were irrelevant to coverage limits due to the aggregate limit and the "anti-stacking" provision of ICSOP's Policies, ICSOP still failed to state that position in its responses to the County's discovery requests. FRCP 34 requires that "if responsive material is withheld based on an objection, the responding party must state the specific non-frivolous grounds for doing so." *Grodzitsky v. Am. Honda Motor Co.*, No. CV 12–1142–SVW (PLAx), 2017 WL 2616917, at *3 (C.D. Cal. June 13, 2017). ICSOP failed to provide any grounds indicating it withheld responsive documents and failed to explain its position during discovery that the later policies were irrelevant because "such payments have no bearing on the County's ability to recover any unreimbursed expenses at trial in this action given the amount of unreimbursed investigation and remediation expenses is below the $27 million aggregate limit." *County MIL 3 Opp.* 12:25–13:2. ICSOP thus did not comply with its discovery obligations and affirmatively hid from the County its position on remaining coverage under the policies.

Further, as discussed in the Court's order on ICSOP's motion *in limine* No. 7, the Court never adopted ICSOP's position on the "anti-stacking" non-cumulation clause in the policies. *Compare County MIL 3 Opp.* 6:11–7:13 *with Order Granting ICSOP's MIL No. 7*, Dkt. # 274 ("*ICSOP MIL 7 Order*"), 14–18. The Court also found that ICSOP improperly raised its position for the first time at the motion *in limine* stage. *ICSOP MIL 7 Order* 13. And, even if it were to address the merits of it, the Court disagrees with ICSOP's position. *Id.* 14–18. Therefore, it is nonsensical for ICSOP to expect that the County should have read ICSOP's mind

---

[2] ICSOP never provided information regarding erosion of the later policies until its response to the motion *in limine*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-01978 PSG (AS) | Date | February 20, 2024 |
|---|---|---|---|
| Title | San Bernardino County v. The Insurance Company of the State of Pennsylvania | | |

that the non-cumulation provision reduced the coverage available under the later two policies to nothing and that this was the basis for only producing documents related to one policy.

And third, ICSOP's declaration attempting to establish how much it has paid under all three policies is not only untimely but is wholly insufficient. As mentioned above, ICSOP does not tie the alleged payments to any policy, any year, or any alleged occurrence, which leaves the Court and the County guessing as to how the alleged payments affect the coverage available under the policies. To properly understand the extent of ICSOP's new position, the Court would have to reopen discovery to allow the County to inquire how the $62 million was allocated. If the Court were to let in ICSOP's purported evidence of policy erosion or any evidence of policy erosion not disclosed in discovery, the Court would turn the proceeding into a "trial by ambush" that FRCPs 26 and 37 are designed to prevent. *Brandon v. Mare-Bear, Inc.*, 225 F.3d 661 (9th Cir. 2000) ("[O]ne of the principal goals of the discovery rules [is] preventing trial by ambush and surprise."); *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008) ("The Federal Rules of Civil Procedure contemplate full and equal discovery so as to prevent surprise, prejudice and perjury during trial.") (cleaned up). The Court declines to do so.

  B.  ICSOP's motion *in limine* No. 9

Related to the County's motion *in limine* No. 3, ICSOP moves the Court for an order *in limine* to preclude the County from offering the loss run for the 1966-69 Policy and any other evidence relating to prior claims made under the ICSOP Policies.[3] *ICSOP MIL 9* 1:2–16. ICSOP argues the evidence of other claims shown in the loss run lacks relevance to the issues involved in the handling of the Chino Airport claim. *See id.*

Though ICSOP framed its motion *in limine* broadly, the County seeks to only introduce evidence of prior claim payments to show the remaining coverage available under the ICSOP Policies and that ICSOP allocated all prior payments to the 1966-69 Policy.[4] *See ICSOP MIL 9 Opp.* 4:9–18. As mentioned above, the key issue in this case is whether the County can prove multiple occurrences and whether the investigation and remediation expenses fall within limits of liability for those occurrences. The Court's aggregate limit ruling makes ICSOP's allocation

---

[3] ICSOP refers to the loss run as "deposition Exhibit 27." Though ICSOP does not include the exhibit as part of its motion, the Court understands the loss run to be the same loss run at issue in the County's motion *in limine* No. 3.

[4] The Court will revisit this motion *in limine* if it turns out that the County seeks to introduce prior claims for any other purpose.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-01978 PSG (AS) | Date | February 20, 2024 |
|---|---|---|---|
| Title | San Bernardino County v. The Insurance Company of the State of Pennsylvania | | |

of payments highly relevant to the County's claim. Indeed, the policy year and amount paid per occurrence by ICSOP will dictate what the County may recover under the ICSOP Policies. And the loss run at issue here shows how ICSOP allocated payments under the 1966-69 Policy, which may implicate the unreimbursed expenses the County seeks. Further, ICSOP's concern that the loss run does not accurately convey the limits available under the later policies, *see ICSOP MIL 9 Reply* 7:5–18, has been rendered moot as ICSOP cannot present any evidence of policy erosion it has not produced during discovery.

The Court also does not find that the danger of prejudice outweighs the probative value of the evidence of the loss run or other prior payments made under the 1966-69 Policy. As an initial matter, ICSOP produced the loss run as part of the Chino Airport claim file, which constituted ICSOP's only evidence of erosion of the coverage limits of the ICSOP Policies. ICSOP cannot claim prejudice because it now disagrees with its own production showing how it allocated prior payments. Any potential prejudice or concern about juror confusion is also mitigated as the County cannot introduce evidence of damages for its future policy benefits, *ICSOP MIL 7 Order,* and ICSOP cannot present any additional evidence showing erosion of the ICSOP Policies.[5]

IV.   Conclusion

For the foregoing reasons, the County's motion *in limine* No. 3 is **GRANTED** and ICSOP's motion *in limine* No. 9 is **DENIED**. ICSOP may not present at trial any evidence of erosion of the ICSOP Policies it did not produce during discovery, and the County may use the loss run ICSOP produced during discovery.

**IT IS SO ORDERED.**

---

[5] Any potential inference drawn that "that the limits of the latter two policies have not been impaired or that all payments made to the County have been allocated to the first ICSOP policy" is rendered harmless.