LINDA L. SAGER, ESQ., BAR NO. 185584
lsager@heroldsagerlaw.com
NICHOLAS B. SALERNO, ESQ., BAR NO. 167840
nsalerno@heroldsagerlaw.com
DREW P. ROSELL, ESQ., BAR NO. 306524
drosell@heroldsagerlaw.com
HEROLD & SAGER
550 Second Street, Suite 200
Encinitas, CA  92024
Telephone: (760) 487-1047

KENNETH H. SUMNER, ESQ., BAR NO. 178618
ksumner@spcclaw.com
STEPHEN R. WONG, ESQ., BAR NO. 186187
swong@spcclaw.com
SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 Powell Street, Suite 830
Emeryville, CA 94608
Telephone: (415) 352-6200

Attorneys for Defendant THE INSURANCE COMPANY OF THE STATE
OF PENNSYLVANIA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SAN BERNARDINO COUNTY, a California public entity,<br><br>          Plaintiff,<br><br>vs.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania insurance company,<br><br>          Defendant. | CASE NO. 5:21-cv-01978 PSG (ASx)<br><br>**THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA'S NOTICE OF MOTION AND MOTION FOR CLARIFICATION OR, IN ALTERNATIVE, RECONSIDERATION OF THE COURT'S FEBRUARY 20, 2024 ORDER GRANTING THE COUNTY OF SAN BERNARDINO'S MOTION IN LIMINE NO. 3 (ECF 275)**<br><br>Hearing Date:    April 5, 2024<br>Hearing Time:   1:30 p.m.<br>Courtroom:      6A |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that April 5, 2024 at 1:30 p.m., or as soon thereafter as counsel may be heard by the Honorable Judge Philip S. Gutierrez, First Street Courthouse, 350 West 1st Street, Courtroom 6A, 6th Floor, Los Angeles, California 90012-4565, Defendant The Insurance Company of the State of Pennsylvania ("ICSOP") will and hereby does bring a motion for clarification or, in the alternative, reconsideration of the Court's Order Granting the County of San Bernardino's Motion in Limine No. 3. (ECF No. 275).

This Motion is based on the Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Nicholas B. Salerno, and the Declaration of Maria Gross, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of hearing. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 28, 2024 and March 1, 2024.

DATED:  March 5, 2024                     HEROLD & SAGER

By:   _/s/ Nicholas B. Salerno_
LINDA L. SAGER, ESQ.
lsager@heroldsagerlaw.com
NICHOLAS B. SALERNO, ESQ.
nsalerno@heroldsagerlaw.com
DREW P. ROSELL, ESQ.
drosell@heroldsagerlaw.com

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................. 1

II.   FACTUAL BACKGROUND ................................................................ 3

   A.    The County's Declaratory Relief Cause Of Action .................................... 3

   B.    Verdict Form and Jury Instructions.............................................. 5

   C.    The Order ........................................................................... 5

III.  LEGAL STANDARDS.......................................................................... 7

IV.   DISCUSSION ....................................................................................... 8

   A.    ICSOP Requests Clarification Whether The Order Would Allow The County To Submit A Fact Question To The Jury Regarding Erosion And/Or Exhaustion of Policy Nos. 429-0989 and 4272-1195 .................... 8

      1.    Submission Of The Factual Question Of Erosion To The Jury Under The Declaratory Relief Cause Of Action Would Constitute An Improper And Speculative Advisory Opinion ........................... 9

         a.    The County's Declaratory Relief Cause Of Action Does Not Include An Averment For A Factual Determination By The Jury Regarding Erosion ................................................... 12

         b.    The County Never Disclosed Its Intention To Pursue Declaratory Relief Concerning The Aggregate Limit Under Policy Nos. 429-0989 And 4272-1195 ................................ 13

         c.    The Time For A Judicial Declaration Has Passed ............... 14

         d.    A Determination Of The Aggregate Limit That May Be Available In The Future Cannot Be Made At This Point In Time ...................................................................... 14

      2.    ICSOP Would Be Unduly Prejudiced By Submission Of The Factual Question Of Erosion To The Jury...................................... 16

/ / /

## **TABLE OF CONTENTS** (continued)

**Page**

B.   To The Extent The County Will Be Allowed To Submit The Fact Question Of Erosion To The Jury, ICSOP Requests That The Court Reconsider Its Order .................................................................................... 18

　　　1.   The County Had Not Asserted A Claim For Future Policy Benefits That Could Impact The Combined Aggregate Limit Of The ICSOP Policies When The Discovery At Issue Was Exchanged ............... 18

　　　2.   A Determination ICSOP Policies Have Not Been Eroded And Will Remain Available For Future Expenses Incurred In This Matter Cannot Be Made At This Time ....................................................... 21

　　　3.   The Loss Run Was Not Held Out By ICSOP To Constitute An Allocation Of Prior Payments For Purposes Of Determining The Erosion Of Any ICSOP Policies ..................................................... 22

　　　4.   ICSOP Would Be Unduly Prejudiced If The County Can Present A Factual Determination Regarding Erosion That Is Untrue ............. 24

V.   CONCLUSION ................................................................................... 25

# **TABLE OF AUTHORITIES**

**<u>Case</u>**                                                                                          **<u>Page(s)</u>**

*Acmet, Inc. v. Wet Seal, Inc.*

    2015 WL 11670161 (C.D. Cal. 2015)................................................................ 17

*Aetna Life Ins. Co. v. Haworth*

    300 US 227 (1937) ............................................................................................ 11

*Ass'n of California Water Agencies Joint Powers Ins. Authority v. Ins. Co. of the State of Pennsylvania*

    2013 WL 12126018, at *9 (C.D. Cal. Aug. 9, 2013).......................................... 15

*City of Colton v. Am. Promotional Events, Inc.-W.*

    614 F.3d 998 (9th Cir. 2010) ............................................................................ 11

*Diaz-Fonseca v. Puerto Rico*

    451 F.3d 13 (1st Cir. 2006) ................................................................................ 9

*Eagle v. American Tel. and Tel. Co.*

    769 F.2d 541 (9th Cir. 1985) ............................................................................ 14

*Fahmy v. Hogge*

    2008 WL 4614322 (C.D. Cal. Oct. 14, 2008)..................................................... 8

*FMC Corp. v. Plaisted and Cos.*

    61 Cal.App.4th 1132 (1998) ............................................................................. 15

*In re Fontem US, Inc. Consumer Class Action Litig.*

    2017 WL 10402988 (C.D. Cal. Mar. 8, 2017)..................................................... 7

*JOM, Inc. v. Adell Plastics, Inc.*

    193 F.3d 47 (1st Cir. 1999) ............................................................................... 19

*Lehman Commercial Paper, Inc. v. Fidelity National Title Ins. Co.*

    2013 WL 12114828 (C.D. Cal. 2013)............................................................... 11

*MedImmune, Inc. v. Genentech, Inc.*

    549 US 118 (2007) ............................................................................................ 11

/ / /

<b><u>TABLE OF AUTHORITIES</u> (continued)</b>

**<u>Case</u>**                                                                                                        **<u>Page(s)</u>**

*N. Alaska Env't Ctr. v. Haaland*
      2023 WL 3661998 (D. Alaska May 25, 2023) .................................................... 7

*Penthouse Int'l, Ltd. v. Barnes*
      792 F.2d 943 (9th Cir.1986) ......................................................................... 9

*Powerine Oil Co., Inc. v. Sup. Ct.*
      37 Cal.4th 377 (2005) ................................................................................. 15

*Rental Development Corp. of America v. Lavery*
      304 F.2d 839 (9th Cir. 1962) ...................................................................... 17

*St. Paul Fire & Marine Ins. Co. v. Lawson Bros. Iron Works*,
      428 F.2d 929 (10th Cir.1970) ....................................................................... 9

*State of California v. Continental Ins. Co.*
      55 Cal.4th 186 (2012) ........................................................................... 15-16

*Transp. Ins. Co. v. Central National Ins. Co. of Omaha*
      2021 WL 5985566 (D. Or., 2021)............................................................... 23

*U-Haul Intern., Inc. v. Lumbermens Mut. Cas. Co.*
      576 F.3d 1040 (9th Cir. 2009) .................................................................... 23

*Westport Ins. Corp. v. Bayer*
      284 F.3d 489 (3d Cir. 2002)................................................................... 9, 12

**<u>Federal Statutes</u>**

Fed. R. Civ. P. 60............................................................................................... 7

Fed. R. Civ. P. 54............................................................................................. 17

28 U.S. Code § 2201      11

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

ICSOP requests clarification, or, in the alternative, reconsideration of the Court's Order granting the County's motion in limine no. 3 that ICSOP may not present at trial any evidence of erosion of the ICSOP policies it did not produce during discovery. (ECF No. 275.) The Court has made three key findings in this matter that are relevant to this motion. One, that the $9 million aggregate limit contained in the ICSOP policies applies to the County's groundwater contamination claim that is the subject of this action. (ECF No. 123 at pp. 14-16.) Two, that the Prior Insurance Non-Cumulation of Liability provision contained in the ICSOP policies only applies to the $9 million per occurrence limit such that each of the three ICSOP policies provide an aggregate limit of $27 million for combined aggregate limits for the three policies of $81 million. (ECF No. 274 at pp. 13-18.) And, three, that the County's untimely disclosed future benefits claim is precluded. (*Id*. at pp. 4-10.) As a result of the preclusion of the alleged and untimely future benefits claim, the County's remaining claims for trial consist of the claim for unreimbursed expense damages of $13,993,556 plus prejudgment interest under the breach of contract claim, and, if a finding of bad faith is issued against ICSOP, a claim for punitive damages and *Brandt* fees, which will be addressed in phase II of the trial if necessary. In order to reach a determination of whether the County is entitled to recover any unreimbursed expenses, the jury will, among other things, be required to determine the number of occurrences associated with the groundwater contamination claim.

Following the issuance of the Court's ruling on the County's motion in limine no. 3, ICSOP conferred with the County regarding the relevancy of several aspects of the County's proposed special verdict form and several jury instructions that are rendered moot given the preclusion of the County's untimely disclosed future benefits claim. (Declaration of Nicholas B. Salerno ("Salerno Decl.") at ¶ 2, Ex. 1.)  As part of that discussion, the County disclosed that it still intends to submit to the jury the factual question of what amounts from ICSOP Policy Nos. 429-0989 and 4272-1195 are

available to reimburse future amounts incurred by the County on account of groundwater contamination caused by the occurrences claimed in this action under the County's declaratory relief cause of action even those amounts that have yet to be incurred. (*Id*. at ¶ 3, Ex. 1.) ICSOP understands the County intends to seek an affirmative factual finding from the jury that the referenced ICSOP policies have not been eroded or impaired at all for future expenses whenever they are incurred.

The submission of such a factual question to the jury under the declaratory relief cause of action would constitute a speculative and improper advisory opinion that goes beyond the pleadings and the issues that will be presented at trial and would unduly prejudice ICSOP if it were precluded from presenting evidence of the prior payments made to the County under the ICSOP policies given such payments have in fact been made. In light of the Court's three findings discussed above, the impairment of ICSOP Policy Nos. 429-0989 and 4272-1195 is not relevant to the claims that will be presented at the trial of this action because the remaining aggregate limits are not relevant to the County's contract damages claim for unreimbursed expenses. Further, in the event the County is permitted to seek a finding from the jury that the policies are not eroded such that those limits will remain available for any investigation and remediation expenses that the County may incur in the future and ICSOP is not permitted to introduce evidence of the erosion of those policies which has in fact already occurred, such would constitute an advisory opinion based on a speculative hypothetical question concerning coverage for future expenses that are not at issue in this litigation. As explained below, the jury cannot now make an affirmative factual finding that there has been no erosion of the aggregate limits of the latter two policies and that those limits will be available for all future remediation and investigation expenses once incurred.

In addition, an attempt by the County to submit a factual question to the jury that there is no erosion of the aggregate limits on ICSOP Policy Nos. 429-0989 and 4272-1195 would be particularly prejudicial and unjust given: (1) the County's complaint seeks no relief in the declaratory relief cause of action concerning the level of erosion of

Policy Nos. 429-0989 and 4272-1195; (2) the County never disclosed an intention to seek declaratory relief concerning the level of erosion of Policy Nos. 429-0989 and 4272-1195 over the course of discovery; (3) the proposed pretrial conference order lodged with the Court fails to state a claim concerning the level of erosion of Policy Nos. 429-0989 and 4272-1195; and (4) the County did not pursue a judicial determination concerning the aggregate limit prior to the expiration of the law and motion deadline.

Given the County's continued insistence that it still intends to submit a factual question to the jury that the aggregate limits of ICSOP Policy Nos. 429-0989 and 4272-1195 are not eroded for future expenses, ICSOP respectfully requests that the Court clarify whether its ruling on the County's motion in limine is meant to allow the County to present this factual question to the jury under the declaratory relief cause of action. To the extent the County is permitted to present such a fact question to the jury in support of a judicial declaration of rights, ICSOP requests reconsideration of the ruling on the County's motion in limine no. 3 based on the arguments presented below. It is unclear how the County could present a fact issue concerning the lack of erosion of the aggregate limits of the ICSOP policies to the jury without perjuring itself and perpetrating a fraud on the Court; particularly if ICSOP is in turn precluded from explaining that it has made payments to the County under the ICSOP policies totaling $62,431,862.28 under all three ICSOP policies that results in $18,568,137.72 in remaining aggregate limits under all three policies.

## II.    FACTUAL BACKGROUND

### A.    The County's Declaratory Relief Cause Of Action

The County's complaint in this action asserts causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and for declaratory relief. (*See* ECF No. 5.) The County's declaratory relief cause of action states there is a "controversy between the County and ICSOP as to whether ICSOP is obligated under the ICSOP Policies to pay any further amounts that have been or will be incurred by the County in the future to comply with and avoid and/or minimize the

County's liability in connection with the 2008 and 2017 Orders and related governmental orders and to remediate the groundwater contamination alleged therein." (ECF No. 5 at ¶ 58.) The County asserts that "[a] judicial declaration is necessary and appropriate at this time to determine the County's additional rights to coverage under the ICSOP Policies with respect to the alleged groundwater contamination emanating from the Airport." (*Id*. at ¶ 59.) The County asserts that the "Court, therefore, should enter an Order determining the rights and obligations of the parties with respect to coverage under the ICSOP Policies for the alleged groundwater contamination emanating from the Airport." (*Id*. at ¶ 60.)

The County's declaratory relief cause of action vaguely seeks a determination with regard to whether ICSOP is obligated to pay further amounts that have been or will be incurred by the County but does not request a declaration relating to the erosion of the aggregate limit of any of the ICSOP Policies as the County now contends. Further, the declaratory relief cause of action seeks only a "judicial declaration" and does not request that any factual determination be made by the jury. The County never pursued a judicial determination concerning the erosion of the aggregate limit under Policy Nos. 429-0989 and 4272-1195 pursuant to this cause of action on or before the February 15, 2023 deadline for the last day to file motions. (ECF No. 25.)

On October 13, 2023, the parties lodged a proposed final pretrial conference order. (ECF No. 217-1.) The County asserts that the declaratory relief claim is to be presented at trial stating that "[t]he County is entitled to a judicial declaration that ICSOP is obligated under one or more of the ICSOP Policies to pay future covered losses that the County incurs to investigate and remediate the underlying groundwater contamination in the vicinity of the Airport." (ECF No. 217-1 at 4:7-11.) ICSOP objected to the County's proposed claim because the future benefits claim was not timely disclosed, among other legal reasons that the Court recently addressed in ruling on ICSOP's motion in limine no. 7. (ECF No. 217-1 at 5:23-6:4.)

/ / /

1

**B.** <u>**Verdict Form and Jury Instructions**</u>

2 On September 28, 2023, the County submitted a proposed verdict form which
3 includes jury questions, among other questions, concerning entitlement to future policy
4 benefits and whether evidence has been presented that each of the ICSOP Policies have
5 been exhausted. (Salerno Decl. ¶ 4, Ex. 2 at pp. 8-9, 11-12.)

6 On October 18, 2023, the County submitted proposed jury instructions which
7 include instructions on an award of future policy benefits and a determination of the total
8 amount of aggregate limits of liability available under the 1969-72 Policy and 1972-75
9 Policy. (ECF No. 222 at pp. 53-54, 56, 60, 66.) The above referenced aspects of the
10 verdict form questions and jury instructions would only have any application to the
11 issues presented at trial if the County was allowed to pursue a claim future benefits but
12 the Court has precluded the County from bringing such a claim. (*See* ECF No. 274 at pp.
13 4-10.) An attempt by the County to still ask the jury to address such questions and
14 instruct the jury on these issues for future claims that have not yet been paid and will not
15 be awarded in this action would require the jury to improperly speculate as to what
16 remaining aggregate limits may be available at all times in the future for any future
17 expenses that may be incurred.

18 **C.** <u>**The Order**</u>

19 On February 20, 2024, the Court issued an order granting the County's motion in
20 limine no. 3 (the "Order") finding that the County propounded discovery to determine
21 how much money remained available under ICSOP Policy Nos. 429-0989 and 4272-
22 1195. (ECF No. 274 at pp. 4-10.) The interrogatory request at issue asked: "For each of
23 the ICSOP Policies, state the limits of liability applicable to the Chino Airport Claim
24 that YOU contend remain available under the Policy as of November 22, 2021."
25 (Salerno Decl. ¶ 5, Ex. 3.) ICSOP responded by objecting to the above request "on the
26 grounds that it assumes facts not in evidence and is unintelligible because ICSOP has not
27 concluded its investigation and evaluation to determine the number of Occurrences that
28 are at issue with respect to the Chino Airport Claim. Therefore, it has not made any

contention regarding the remaining the remaining available limits for the Chino Airport Claim under each of the ICSOP Policies." (*Id*.)

The document request at issue sought "[a]ll Documents that refer to, reflect, or relate to any analysis by [ICSOP] of the erosion or exhaustion of the limits of liability applicable to the Chino Airport Claim under any of the ICSOP Policies." ICSOP responded that "[e]xcept for documents withheld based on the foregoing objections, ICSOP shall produce responsive documents. These documents are in the claim file being produced." (Salerno Decl. ¶ 6, Ex. 4.) The Order states that ICSOP only produced documents relating to the loss run under the 1966-69 Policy and never produced documents detailing ICSOP payments under the 1969-72 Policy or the 1972-75 Policy. (ECF No. 275 at p. 4.) The Court reasoned that ICSOP failed to comply with its discovery obligations because the County's discovery clearly requests information regarding payments made and erosion limits for all three policies. The Order found that ICSOP failed to provide a reason that would put the County on notice that responsive material existed because taking ICSOP at its word that it believed the later policies were irrelevant to coverage limits due to the aggregate limit and the "anti-stacking" provision of ICSOP's Policies, ICSOP still failed to state that position in its responses to the County's discovery requests. (*Id*. at p. 5.) The Order also found that ICSOP failed to provide any grounds indicating it withheld responsive documents and failed to explain its position during discovery that the later policies were irrelevant because "such payments have no bearing on the County's ability to recover any unreimbursed expenses at trial in this action given the amount of unreimbursed investigation and remediation expenses is below the $27 million aggregate limit." (*Id*.)

The Order states that ICSOP claims, without producing any supporting documentation including loss runs applicable to the 1969-72 Policy or the 1972-75 Policy, that ICSOP has paid out $62,431,862.28 under all three ICSOP Policies. (*Id*. at p. 4.) The Court found that it would have to reopen discovery to allow the County to inquire how the $62 million was allocated. (*Id*. at p. 6.) Based on the above, the Court

held that ICSOP may not present at trial any evidence of erosion of the ICSOP Policies it did not produce during discovery. (*Id*. at p. 7.)

## III.   LEGAL STANDARDS

ICSOP seeks clarification of the impact of its ruling on the County's motion in limine no. 3 or, in the alternative, reconsideration pursuant to Local Rule 7-18. ICSOP intends this motion to constitute primarily a motion for clarification regarding the scope of the Order and its application to whether the County will be permitted to present a fact question to the jury under the declaratory relief cause of action regarding the erosion and/or exhaustion of Policy Nos. 429-0989 and 4272-1195 while concomitantly preventing ICSOP from presenting contrary evidence. To the extent the Court will permit this course of action, ICSOP seeks reconsideration to address what is perceived to be a failure to consider material facts presented to the Court.

"While there is no specific Federal Rule of Civil Procedure governing motions for clarification, such motions have been made and, when appropriate, granted." *N. Alaska Env't Ctr. v. Haaland*, 2023 WL 3661998, at *3 (D. Alaska May 25, 2023). Indeed, "[a] court may interpret and explain a judgment to guide the parties without express reliance on any particular statute or rule." *In re Fontem US, Inc. Consumer Class Action Litig.*, 2017 WL 10402988, at *2 (C.D. Cal. Mar. 8, 2017). In any case, Fed. R. Civ. P. 60 permits courts to correct mistakes in prior orders and the Ninth Circuit has construed this rule broadly to allow courts to clarify previous orders "to reflect the necessary implications of the original order" provided that the clarification adheres to the "intent behind the original judgment." *In re Fontem*, 2017 WL 10402988, at *2. "Motions for clarification are appropriate when parties 'are uncertain about the scope of a ruling' or when the ruling is 'reasonably susceptible to differing interpretations.'" *N. Alaska Env't Ctr.*, 2023 WL 3661998, at *3. Clarification is appropriate here to explain the Order to guide the parties with respect to its application at trial.

A motion for reconsideration of an order on any motion or application may be made on the grounds of (a) a material difference in fact or law from that presented to the

1  Court that, in the exercise of reasonable diligence, could not have been known to the
2  party moving for reconsideration at the time the Order was entered, or (b) the emergence
3  of new material facts or a change of law occurring after the Order was entered, or (c) a
4  manifest showing of a failure to consider material facts presented to the Court before the
5  Order was entered. Local Rule 7-18; *see also Fahmy v. Hogge*, 2008 WL 4614322, at *1
6  (C.D. Cal. Oct. 14, 2008). ICSOP respectfully submits that in making the rulings in the
7  Order, it is not clear if the Court considered the material facts that: (1) the County had
8  not asserted a claim for future policy benefits that could impact the combined aggregate
9  limit of the ICSOP Policies when the discovery at issue was exchanged; (2) a
10  determination that aggregate limits of the latter two ICSOP policies have not been
11  eroded and remain available to pay future expenses cannot be made in this matter, or at
12  all, until the point in time that the occurrences are determined and a future covered
13  expense is incurred; (3) the loss run was not held out by ICSOP to constitute an
14  allocation of prior payments for purposes of determining the erosion of any ICSOP
15  Policies; and (4) ICSOP would be unduly prejudiced if the County is permitted to
16  present a factual determination regarding erosion that is untrue.

17  ## IV.   DISCUSSION

18  **A.   ICSOP Requests Clarification Whether The Order Would Allow The
19  County To Submit A Fact Question To The Jury Regarding Erosion
20  And/Or Exhaustion of Policy Nos. 429-0989 and 4272-1195**

21  The County recently indicated that it still intends to submit to the jury the factual
22  question of whether Policy Nos. 429-0989 and 4272-1195 have been eroded for future
23  expenses yet to be incurred pursuant to the declaratory relief cause of action in the
24  County's complaint even though this question is not pled in the declaratory relief cause
25  of action, is not set out in the proposed Pretrial Order and has no relevance to the
26  County's claim for unreimbursed expenses. In fact, a determination that Policy Nos.
27  429-0989 and 4272-1195 have not been eroded to date has no bearing whatsoever on
28  whether any such aggregate limits may be available in the future once, and if, the

County incurs a covered expense in the future. Accordingly, ICSOP seeks clarification whether the Order permits the County to submit a fact question to the jury concerning the erosion of Policy Nos. 429-0989 and 4272-1195, which under the circumstances would be both irrelevant and unduly prejudicial to ICSOP.

1. **Submission Of The Factual Question Of Erosion To The Jury Under The Declaratory Relief Cause Of Action Would Constitute An Improper And Speculative Advisory Opinion**

The submission of the erosion and/or exhaustion of the ICSOP Policies for any future expenses that have not yet been incurred as a fact question to the jury would constitute an improper and speculative advisory opinion given the relief is not responsive to the pleadings and the issues to be presented at trial. A determination of the aggregate limits of the ICSOP Policies have not been eroded and will remain available in the future when future expenses are incurred cannot be made at this point in time. The judgment in a suit for declaratory judgment must be responsive to the pleadings and issues presented. *See Westport Ins. Corp. v. Bayer*, 284 F.3d 489, 499 (3d Cir.2002); *Penthouse Int'l, Ltd. v. Barnes*, 792 F.2d 943, 950 (9th Cir.1986) (holding that the district court abused its discretion in awarding to declaratory judgment defendant relief beyond the scope of the issues presented in the action); *Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13 (1st Cir. 2006) ("the declarations violate the usual rule that the scope of declaratory relief cannot exceed the issues raised by the pleadings and supported by the evidence"). A judgment which goes beyond the issues presented constitutes an advisory opinion upon a hypothetical basis, which the court cannot give. *St. Paul Fire & Marine Ins. Co. v. Lawson Bros. Iron Works*, 428 F.2d 929, 931 (10th Cir.1970).

In *Westport Ins. Corp.*, the district court determined that the underlying plaintiffs' claims against the insured triggered the policy's $500,000 limit for aggregate claims rather than the $250,000 single claim limit. 284 F.3d at 498. The insurer's declaratory judgment complaint requested a declaration of no coverage for the insured's claims "along with such other and further relief in its favor and against the defendants as is just

and proper." *Id*. at 499. Like the County here, the insurer never requested a declaration of the applicable limits of coverage. *Id*. As such, the appellate court found that the district court erred by granting relief on an issue outside the scope of the relief requested by the insurer and vacated the district court's determination that the applicable policy limit is $500,000. *Id*.

The determination of the fact question of whether any aggregate limits remain under Policy Nos. 429-0989 and 4272-1195 has no bearing on the issues that will be presented at the trial of the matter given the untimely disclosed future benefits claim has been precluded and as discussed in more detail below, any declaration that those policies have not been eroded and will remain available when future claims are submitted is pure speculation. The County's remaining claims for trial consist of the claim for unreimbursed expense damages of $13,993,556 plus prejudgment interest and subsequently for punitive damages and *Brandt* fees if a finding of bad faith is issued against ICSOP at phase I of the trial. The requested declaratory relief must be tethered to the damage allegations that only involve the alleged unreimbursed expenses for which there are sufficient aggregate limits remaining under all three policies to satisfy such damages in this case.

As set out in ICSOP's opposition to the County's motion in limine no. 3, ICSOP has never intended to introduce evidence that Policy Nos. 429-0989 and 4272-1195 are eroded in this matter because such evidence is not relevant as a defense to the County's unreimbursed expense damages of $13,993,556 plus prejudgment interest, which is well below the $18,568,137.72 remaining on the aggregate limits of the ICSOP policies.[1] (ECF No. 195 at 3:21-4:5; 8:4-17.) The application of the remaining aggregate limits under the ICSOP Policies would not become relevant as a defense to coverage unless and until the County incurs additional covered expenses in the future beyond the

---

[1] This is true whether the aggregate limit applicable to the Chino Airport claim is limited to $27 million as ICSOP contends or $81 million as the County contends and the Court affirmed in the ruling on ICSOP's motion in limine no. 7.  (ECF No. 274.)

1    $18,568,137.72 remaining on the aggregate limits of the ICSOP Policies. Given the

2    County's contract damages are within the remaining aggregate limits, whether Policy

3    Nos. 429-0989 and 4272-1195 are eroded at this point in time has no bearing as a

4    defense to the County's claim that will be presented at trial and cannot be determined

5    unless and until future covered expenses are incurred. Future expenses are not at issue in

6    this action in light of the Court's ruling on ICSOP's motion in limine no. 7.

7         The Declaratory Judgment Act authorizes declaratory relief only in "a case of

8    actual controversy." 28 USC § 2201. The statutory phrase "case or controversy" refers to

9    the types of "cases" or "controversies" that are justiciable under Article III of the U.S.

10   Constitution. *Aetna Life Ins. Co. v. Haworth*, 300 US 227, 239-240 (1937); *MedImmune,*

11   *Inc. v. Genentech, Inc.*, 549 US 118, 125-126 (2007). A declaratory relief case must be

12   "ripe" for judicial determination. "The constitutional ripeness of a declaratory judgment

13   action depends upon whether the facts alleged, under all the circumstances, show that

14   there is a substantial controversy, between parties having adverse legal interests, of

15   sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *City*

16   *of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1004-05 (9th Cir. 2010).

17        *Lehman Commercial Paper, Inc. v. Fidelity National Title Ins. Co.*, 2013 WL

18   12114828, at *5 (C.D. Cal. 2013) involved the question of whether a declaratory relief

19   cause of action seeking a determination that coverage was owed under an insurance

20   policy was ripe after the insurer had agreed to defend the insured during the course of

21   the litigation. The insured argued that the issue of coverage must be determined because

22   that issue is "essential" to its claim for bad faith breach of an insurance contract. *Id*. at

23   *5. The court found that the issue of coverage was unripe as to the insured's bad-faith

24   claim, because that claim was not before the court. *Id*. The court held that it would not

25   grant partial summary judgment on a coverage issue when coverage is relevant only as

26   an element of a separate claim not presently before the Court. Similarly, here, the issue

27   of erosion of the latter two ICSOP policies and the County's entitlement to expenses it

28   may incur in the future is not before the Court. *Id*. As discussed, the County never

disclosed a future benefits claim during the course of discovery and the Court precluded the County's attempt to do so after the close of discovery.  Accordingly, the factual determination sought by the County relating to the erosion of the latter two ICSOP policies is not ripe and any finding regarding the same would constitute an improper advisory opinion.

Such an advisory opinion would be particularly unjust here for a number of reasons. First, the County's complaint includes no such averment under the declaratory relief claim and seeks only a "judicial declaration" rather than any factual determination from the jury. Second, the County never disclosed an intention to pursue declaratory relief concerning the aggregate limit available under Policy Nos. 429-0989 and 4272-1195 during the course of discovery or in the proposed pretrial conference order lodged with the Court. Third, the time for the County to have pursued a judicial determination concerning the aggregate limit available under Policy Nos. 429-0989 and 4272-1195 expired with the motion deadline. Finally, a determination that the ICSOP Policies have not been eroded and the aggregate limits of those policies will remain available in the future when future expenses may be incurred cannot be made at this point in time.

a. **The County's Declaratory Relief Cause Of Action Does Not Include An Averment For A Factual Determination By The Jury Regarding Erosion**

The County's declaratory relief cause of action vaguely states there is a "controversy between the County and ICSOP as to whether ICSOP is obligated under the ICSOP Policies to pay any further amounts that have been or will be incurred by the County in the future to comply with and avoid and/or minimize the County's liability in connection with the 2008 and 2017 Orders and related governmental orders and to remediate the groundwater contamination alleged therein." (ECF No. 5 at ¶ 58.) Like the requested declaration in *Westport Ins. Corp.*, the County's declaratory relief cause of action seeks a determination regarding any obligation to pay further amounts under the ICSOP Policies but does not request a declaration relating to erosion of the applicable

1   limits as the County now contends. In addition, the declaratory relief cause of action

2   seeks only a "judicial declaration" and does not request any factual determination be

3   made by the jury. As such, any factual determination regarding erosion made by the jury

4   pursuant to the declaratory relief action is not responsive to the pleadings.

5              **b.**    **<u>The County Never Disclosed Its Intention To Pursue</u>**

6                     **<u>Declaratory Relief Concerning The Aggregate Limit</u>**

7                     **<u>Under Policy Nos. 429-0989 And 4272-1195</u>**

8        The County never disclosed an intention to seek declaratory relief relating to the

9   erosion of the ICSOP aggregate limits during the course of discovery. Throughout the

10  discovery period, the County contended that the ICSOP Policies did not contain an

11  aggregate limit. (*See* ECF No. 5 at ¶¶32, 45; ECF No. 105 at 21:9-25:18.) It was only

12  after the Court's ruling that the ICSOP Policies contain an aggregate limit applicable to

13  this claim and after the close of discovery that the County disclosed to ICSOP that it

14  intended to submit the to the jury the factual question of erosion pursuant to the

15  declaratory relief cause of action while conferring on the special verdict form and jury

16  instructions. (Salerno Decl. ¶¶ 2-3, Ex 1.) The County's intentions to seek a jury

17  determination that the ICSOP Policies cover future claims for expenses that may not

18  been incurred is contrary to the actual facts that payments have been made that erode the

19  aggregate limit of the latter two ICSOP policies.

20       Consistent with the forgoing, the proposed pretrial conference order does not

21  disclose an intention to pursue declaratory relief concerning the aggregate limit available

22  under Policy Nos. 429-0989 and 4272-1195. As set out above, the proposed pretrial

23  order states with regard to the County's declaratory relief claim that "[t]he County is

24  entitled to a judicial declaration that ICSOP is obligated under one or more of the ICSOP

25  Policies to pay future covered losses that the County incurs to investigate and remediate

26  the underlying groundwater contamination in the vicinity of the Airport." (ECF No. 217-

27  1 at 4:7-11.) ICSOP objected to the claim in the proposed pretrial order (*Id*. at 5:23-6:4)

28  and the Court has since precluded the County's attempt to pursue a future benefits claim

because it was not timely disclosed. Where a claim is not asserted in the pre-trial order it must be excluded at trial. *Eagle v. American Tel. and Tel. Co.*, 769 F.2d 541, 548 (9th Cir. 1985) ("a theory will be barred if not at least implicitly included in pretrial order.")

### c. The Time For A Judicial Declaration Has Passed

As discussed above, the County's declaratory relief cause of action seeks a "judicial declaration" whether ICSOP is obligated to pay further amounts that have or will be incurred in the future. The last day to file motions was set for February 15, 2023. (ECF No. 25.) After ruling on the parties' motions for partial summary judgment, the Court found that the following issues are left for trial: (1) Whether the County can prove breach of contract and breach of the implied duty of good faith and fair dealing by establishing multiple occurrences within the policy periods; and (2) Whether ICSOP can prove its affirmative defenses, other than its third and withdrawn affirmative defenses. (ECF No. 123 at p. 19.) The Court's description of the claims left for trial did not include the County's claim for declaratory relief. (*Id*.) Given ICSOP has never asserted the aggregate limit as a defense to the County's unreimbursed expense claim because it is well withing the aggregate limits, ICSOP has never had an intention to present evidence concerning the remaining aggregate limits at the time of trial. But, that does not mean that the County is entitled to present a factual issue to the jury with regard to the erosion or non-erosion of Policy Nos. 429-0989 and 4272-1195 when the County has never pled such a declaratory relief averment or otherwise disclosed its intent to pursue such a declaration over the course of discovery.

### d. A Determination Of The Aggregate Limit That May Be Available In The Future Cannot Be Made At This Point In Time

The ICSOP Policies are Ultimate Net Loss policies, which do not provide indemnity until there is an ultimate determination of coverage. The ICSOP Policies only provide coverage for amounts, including expenses, incurred as a consequence of an occurrence covered under the policies as set forth in the definition of Ultimate Net Loss

for the ICSOP Policies. The ICSOP Policies define Ultimate Net Loss in part as "the total sum which the Assured, or any company as his insurer, or both, become obligated to pay by reason of personal injury, property damage or advertising liability claims, either through adjudication or compromise, and shall also include hospital, medical and funeral charges and all sums paid as salaries, wages, compensation, fees, charges and law costs, premiums on attachment or appeal bonds, interest, expenses for doctors, lawyers, nurses and investigators and other persons, and for litigation, settlement, adjustment and investigation of claims and suits *which are paid as a consequence of any occurrence covered hereunder. . ..*" (ECF No. 5 Exs. A-C at pp. 21, 30, 38.) Thus, the ICSOP Policies only provide indemnity after there is an ultimate determination of liability for claims that have actually been paid. *See Ass'n of California Water Agencies Joint Powers Ins. Authority v. Ins. Co. of the State of Pennsylvania*, 2013 WL 12126018, at *9 (C.D. Cal. Aug. 9, 2013) (finding that under an ultimate net loss policy like the ICSOP Policies, the insurer is not obligated to reimburse the insured until after the underlying claims have been settled or adjudicated, and ultimate coverage determined).

Each of the ICSOP Policies include Condition J., which provides in part that "The Assured shall make a definite claim for any loss for which the Company may be liable under the policy within twelve (12) months after the Assured shall have paid an amount of ultimate net loss in excess of the amount borne by the Assured or after the Assured's liability shall have been fixed and rendered certain either by final judgment against the Assured after actual trial or by written agreement of the Assured, the claimant, and the Company." (ECF No. 5 Exs. A-C at pp. 23, 33, 40.) Under Condition J., ICSOP is not obligated to reimburse the County for any amounts until the County shall have paid those amounts. *Powerine Oil Co., Inc. v. Sup. Ct.*, 37 Cal.4th 377, 403 (2005) (finding loss payable provision applies to the timing of an excess insurer's obligation to indemnify and insurer's indemnification obligation under the policy does not commence until actual payment of a covered loss); *FMC Corp. v. Plaisted and Cos.*, 61 Cal.App.4th 1132, 1200 (1998) (*disapproved on other grounds by State of California v. Continental*

1    *Ins. Co.*, 55 Cal.4th 186, 201 (2012)).

2       Under the terms of the ICSOP Policies, the jury cannot determine that the ICSOP

3 Policies have not eroded and the aggregate limits will remain available to pay future

4 expenses not at issue in this action as payments made on other pending and future claims

5 could reduce the aggregate limits. For example, the County has an existing claim

6 relating to the Yucaipa Landfill for which ICSOP has reimbursed the County

7 $1,726,862.28 for this claim. (Declaration of Maria Gross at ¶ 5.) The County has not

8 indicated that the corrective action at the Yucaipa landfill is complete. (*Id.*)

9       Further, the County could present other claims under the ICSOP Policies that

10 could trigger payment obligations under the ICSOP Policies. Unless and until the

11 County incurs and submits a reimbursement claim for a future expense relating to a

12 separate occurrence found in this action, there is no way for ICSOP to determine

13 whether an aggregate limit remains under the ICSOP Policies for such occurrence and

14 future payment. Accordingly, a determination by ICSOP of whether an aggregate limit

15 may exist for a yet to be determined occurrence and a yet to be made payment in the

16 future cannot be made at the time of trial of this matter and any attempt to submit such a

17 question to the jury in support of a judicial declaration of whether aggregate limits

18 remain under Policy Nos. 429-0989 and 4272-1195 for such future expenses would be a

19 wholly speculate advisory opinion.

20      **2.**     **ICSOP Would Be Unduly Prejudiced By Submission Of The Factual**

21           **Question Of Erosion To The Jury**

22       ICSOP would be unduly prejudiced by submission of a factual question regarding

23 erosion of the latter two ICSOP policies to the jury. Given the County is fully aware of

24 all payments made to the County under the ICSOP policies, any notion that the

25 aggregate limit available under Policy Nos. 429-0989 and 4272-1195 has not been

26 eroded is a fiction, and there is no way for ICSOP to know now what aggregate limits

27 will be available under Policy Nos. 429-0989 and 4272-1195 for any future damages

28 when such damages occur. The County must incur covered expenses for any particular

occurrence that is found in this matter and the remaining aggregate limits can be calculated at that time. As each policy under the Court's current legal rulings is subject to a $27 million aggregate limit and ICSOP has paid out $62,431,862.28 to the County under all three ICSOP policies, it is simply not true that no payments have eroded the latter two ICSOP policies because the amounts paid above the $27 million aggregate limit under the first ICSOP policy would be allocated to the later ICSOP policies and additional amounts have already been paid under those two policies.

While Rule 54(c) provides that a "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings," Rule 54(c) does not sanction the granting of relief not prayed for in the pleadings if the relief has prejudiced the opposing party. *Rental Development Corp. of America v. Lavery*, 304 F.2d 839, 842 (9th Cir. 1962). A party may only seek relief that has not been demanded if the complaint gave defendants sufficient notice of the relief sought, such that granting the plaintiff such relief would not prejudice them in the defense of the matter. *See Acmet, Inc. v. Wet Seal, Inc.*, 2015 WL 11670161, at *1–2 (C.D. Cal. 2015). For all of the reasons discussed above, the County failed to plead that it was seeking to submit a fact question to the jury regarding erosion of the latter two ICSOP policies as part of its declaratory relief cause of action.

Based on the foregoing, ICSOP respectfully requests that the Court clarify whether its ruling on the County's motion in limine no. 3 can be applied to prevent ICSOP from presenting evidence relating to the erosion or remaining aggregate limits while the County concomitantly presents a factual question to the jury as to whether Policy Nos. 429-0989 and 4272-1195 have been eroded.  To the extent the County will not be allowed to submit a question of this nature to the jury as indicated, there is no need to seek reconsideration of the Court's ruling concerning the County's motion in limine no. 3 and ICSOP obviously will honor the Court's ruling that precludes ICSOP from introducing any such evidence at the time of trial.

/ / /

ICSOP'S MOTION FOR CLARIFICATION OR RECONSIDERATION                    5:21-cv-01978 PSG (ASx)

**B.** **To The Extent The County Will Be Allowed To Submit The Fact Question Of Erosion To The Jury, ICSOP Requests That The Court Reconsider Its Order**

If the Court will allow the County to submit the fact question regarding erosion to the jury, ICSOP respectfully requests that the Court reconsider the Order precluding ICSOP from presenting at trial any evidence of erosion of the ICSOP Policies it did not produce during discovery. It is not clear if the Court considered the following material facts when issuing the Order that: (1) the County had not asserted a claim for future policy benefits that could impact the combined aggregate limit of the ICSOP Policies when the discovery at issue was exchanged; (2) a determination that there has been erosion of the latter two ICSOP policies and the aggregate limits will remain available to pay future expenses incurred with regard to the Chino airport claim cannot be made in this matter, or at all, until the point in time that the occurrences are determined and a future covered expense is incurred; (3) the loss run was not held out by ICSOP to constitute an allocation of prior payments for purposes of determining the erosion of any ICSOP Policies; and (4) that ICSOP would be unduly prejudiced if the County is permitted to present a factual determination regarding erosion that is untrue.

**1.** **The County Had Not Asserted A Claim For Future Policy Benefits That Could Impact The Combined Aggregate Limit Of The ICSOP Policies When The Discovery At Issue Was Exchanged**

Whether the aggregate limit is $27 million as ICSOP contends or $81 million as the Court recently affirmed, it was not relevant as a defense to the County's unreimbursed expense claim at issue in this matter. It was not until August 25, 2023, after the close of discovery, when the County first asserted in its amended disclosures that it was seeking damages for future policy benefits and not until October 3, 2023 that the County served a supplement expert report asserting that the damages for the future policy benefits are $37,119,196. (ECF No. 274.) On February 14, 2024, the Court barred

the County from pursuing the future benefits claims at trial because they were untimely. (ECF No. 274.) As such, the erosion of the aggregate limits of the ICSOP Policies remains just as irrelevant to the County's claim to be presented at trial as it was when the subject discovery was exchanged. While the County argued and the Court appears to have adopted the County's position that the discovery requests at issue sought information concerning the erosion of limits of the ICSOP Policies (ECF No 275 at p. 6), it is unclear whether the Court considered the material fact that the County had not disclosed the alleged future benefits claim at the time this discovery was exchanged. The County's discovery requests that the Court has found sought aggregate limit erosion details should be viewed through that lens.

In response to the County's interrogatory asking: "For each of the ICSOP Policies, state the limits of liability applicable to the Chino Airport Claim that YOU contend remain available under the Policy as of November 22, 2021," ICSOP made clear that it understood this question to go to the number of per occurrence limits when it responded that it "has not concluded its investigation and evaluation to determine the number of Occurrences that are at issue with respect to the Chino Airport Claim" and therefore "has not made any contention regarding the remaining available limits for the Chino Airport Claim under each of the ICSOP Policies." (Salerno Decl. ¶ 5, Ex. 3.) At the time, the per occurrence limits were the only relevant limits because the County had only alleged damages for its unreimbursed expenses which were below the remaining aggregate limit. Under these circumstances, the interrogatory response was not construed as seeking any analysis of erosion of the aggregate limit of the ICSOP Policies. If the County truly understood this interrogatory to seek information concerning payments made under each of the ICSOP Policies, it was incumbent on the County to confer to point out the misunderstanding and seek an adequate response, but no such effort was made by the County. *JOM, Inc. v. Adell Plastics, Inc.*, 193 F.3d 47, 51 (1st Cir. 1999) (affirming denial of motion in limine that requested exclusion of evidence on the basis that evidence produced was incomplete because whatever the breadth of its original

19

document request, had the propounding party truly been concerned that the responding party either misinterpreted or willfully failed to comply with the discovery request, it should have conferred in a timely manner with a view to obtaining voluntary disclosure by the propounding party and failing which it should have moved to compel production well in advance of trial). (Salerno Decl. at ¶ 7.)

The County's document request at issue requested "all documents that refer to, reflect, or relate to any analysis by ICSOP of the erosion or exhaustion of the limits of liability applicable to the Chino Airport Claim under any of the ICSOP Policies." (Salerno Decl. ¶ 6, Ex. 4.) Again, as the County had only disclosed and submitted a damage claim for unreimbursed expenses when this request was issued, only payments made with regard to the Chino airport claim that implicated the per occurrence limit were relevant. As such, ICSOP understood the request to seek production of any existing analysis of payments made with regard to the Chino airport claim. ICSOP did not understand the request to seek any accounting of the payments made under all of the ICSOP Policies concerning all claims or any allocation of those payments to specific ICSOP Policies given such payments were not relevant to the County's unreimbursed damage claim and has never held the loss run out to represent such an analysis.

The Court also found that in responding to the above discovery, ICSOP failed to provide a reason that would put the County on notice that responsive material existed. (ECF No. 275 at 5.) The Court stated that taking ICSOP at its word that it believed the latter policies were irrelevant to coverage limits due to the aggregate limit and the "anti-stacking" provision of ICSOP's Policies, ICSOP still failed to state that position in its responses to the County's discovery requests. (*Id*.) It is also unclear whether the Court considered the fact that the County had not alleged a claim for future policy benefits that would implicate the application of the aggregate limit of the ICSOP Policies at the time this document request was issued when it rendered its ruling on the County's motion in limine no. 3. Under these circumstances, ICSOP had no reason to put the County on notice of information or documents that would support erosion of the aggregate limit

because such information was not responsive to the County's claim for unreimbursed expenses, and as explained below, was already known to the County. The issues of erosion of the aggregate limits of the ICSOP Policies was only potentially relevant to the County's claim for future benefits which it had not yet asserted and which the Court has since precluded. As such, ICSOP's responses to the County's discovery were proper when put into this context.  Given that ICSOP understood the County's interrogatory request discussed above to go to the yet to be developed and determined number of occurrences as stated in ICSOP's objection, ICSOP believed that it put the County on notice of this concern with its objection.

While the Court notes its criticism that ICSOP did not also note application of the anti-stacking provision in its objection which is true, that is because ICSOP understood the interrogatory to go to the per occurrence limits, which it did note and also objected the request was unintelligible. In response, the County took no steps to confer or point out that, in fact, it was seeking aggregate limit details reflecting an allocation of prior payments made to the County concerning other claims.

Accordingly, ICSOP requests that the Court reconsider its order finding the discovery requests sought information pertaining to erosion of all three policies given the County had not alleged any claim implicating the combined aggregate limit of the ICSOP Policies when the discovery was propounded and that the County took no steps to confer with ICSOP if, in fact, it was seeking erosion and aggregate limits details.

2.     **A Determination ICSOP Policies Have Not Been Eroded And Will Remain Available For Future Expenses Incurred In This Matter Cannot Be Made At This Time**

The Court found that the declaration ICSOP submitted in support of its opposition providing that ICSOP had paid $62,431,862.28 under all three ICSOP policies to the County was in sufficient because "[t]o properly understand the extent of ICSOP's new position, the Court would have to reopen discovery to allow the County to inquire how the $62 million was allocated." (ECF No. 275 at p. 6.) In finding that discovery would

1   have to be reopened to address the allocation of the $62 million in prior payments, it is

2   unclear if the Court considered the material fact that a determination that the latter two

3   ICSOP policies have not been eroded and will remain available for future expenses

4   incurred in this matter cannot be made at this time. As set out above, a determination

5   that the ICSOP Policies have not been eroded for future unincurred expenses and will

6   remain unimpaired in the future cannot be made in this matter. Again, it cannot be said

7   or determined at trial what aggregate limits will remain in the future until it is first

8   determined whether there are separate and distinct occurrences and a future payment

9   relating to such an occurrence is made in the future for which the County seeks

10  reimbursement. This point illustrates in part why ICSOP framed its response to the

11  County's interrogatory no. 10 with an objection concerning the need to make a

12  determination concerning the number of occurrences.

13      Where, as here, a determination of whether the ICSOP Policies have not been

14  eroded for future expenses that have not been incurred and will remain available for

15  future payments that may be incurred by the County in the future cannot be made in this

16  matter, there should be no need to reopen discovery to address these details because such

17  a determination cannot be made at this juncture. As such, ICSOP requests

18  reconsideration of this aspect of the Order.

19          3.      **The Loss Run Was Not Held Out By ICSOP To Constitute An**

20                  **Allocation Of Prior Payments For Purposes Of Determining The**

21                  **Erosion Of Any ICSOP Policies**

22      The Court's ruling appears premised partly on a contention that ICSOP had

23  already made an allocation of the available aggregate limits for the County's future

24  investigation and remediation expenses incurred in this matter that is embodied in the

25  loss run that was contained in the claim file. The County argued, and the Court appears

26  to have adopted, that "the loss run at issue here shows how ICSOP allocated payments

27  under the 1966-69 Policy" and that the loss run "constituted ICSOP's only evidence of

28  erosion of the coverage limits of the ICSOP Policies." (ECF No. 275 at p. 7.) However,

1   ICSOP has at no time held out or represented the loss run to reflect an allocation of the

2   erosion of limits.  It was produced as part of the claim file because it reflected the $9

3   million payment made to date for the Chino airport claim, which is responsive to the

4   document request that sought "all documents that refer to, reflect, or relate to any

5   analysis by ICSOP of the erosion or exhaustion of the limits of liability applicable to the

6   Chino Airport Claim under any of the ICSOP Policies."

7       Loss runs are only admissible as proof of payments made under an insurance

8   policy after their veracity has been supported by back up documentation such as

9   payment records and/or sufficient testimony from a claims handler. *See Transp. Ins. Co.*

10  *v. Central National Ins. Co. of Omaha*, 2021 WL 5985566, at *13 (D. Or., 2021); *U-*

11  *Haul Intern., Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1044 (9th Cir. 2009).

12  As such, a loss run produced in litigation without further supporting documentation

13  and/or testimony verify the payments or allocation made therein is insufficient to bind an

14  insurer to a finding with regard to exhaustion. Here, as discussed in ICSOP's motion in

15  limine no. 9 and its reply thereto, while the County questioned ICSOP's claim handler,

16  Maria Gross, regarding the loss run, she testified that she could not identify the loss run

17  or state what it represents. (ECF No. 171 at 2:2-18; ECF No. 255 at 3:1-5.)

18      Further, as also discussed in ICSOP's reply to motion in limine no. 9, although

19  ICSOP designated Andrew Engel as the Rule 30(b)(6) witness to address, among other

20  topics, "ICSOP position concerning the limits of liability applicable to the Chino Airport

21  Claim under any of the ICSOP Policies," the County did not ask Mr. Engel any

22  questions relating to this topic or the loss run. (ECF No. 255 at 3:5-12.) As such, there is

23  no apparent support for the conclusion that the loss run was produced shows how ICSOP

24  allocated other payments under the 1966-69 Policy.

25      Given the loss run has not been held out to constitute such an allocation of

26  payments for the purpose of calculating the erosion of the ICSOP Policies in relation to

27  the Chino airport claim and the County failed to address any questions of this nature

28  with ICSOP's Rule 30(b)(6) witness, there is no basis to conclude that the loss run

shows how ICSOP allocated payments under the 1966-69 Policy or that the loss run constitutes ICSOP's only evidence of erosion of the coverage limits of the ICSOP Policies. As such, ICSOP also requests reconsideration of this aspect of the Order.

### 4. ICSOP Would Be Unduly Prejudiced If The County Can Present A Factual Determination Regarding Erosion That Is Untrue

In ruling on the County's motion in limine no. 3 and ICSOP's motion in limine no. 9, the Court stated that any potential prejudice or concern about juror confusion including any potential inference drawn that "that the limits of the latter two policies have not been impaired or that all payments made to the County have been allocated to the first ICSOP policy" is mitigated as the County cannot introduce evidence of damages for its future policy benefits. However, to the extent that the County is allowed to present the factual question of erosion to the jury and ICSOP is precluded from offering evidence of the payments it made to the County under the ICSOP Policies, the prejudice that ICSOP would suffer is substantial. ICSOP would be prevented from providing evidence regarding the truth of the payments it made under the ICSOP Policies while the County is allowed to submit evidence of lack of payments that is not true to the jury.

Indeed, it is wholly unclear how the County intends to present a fact issue to the jury relating to the erosion of the ICSOP policies without perjuring itself and perpetrating a fraud on the Court. Particularly, if ICSOP is in turn precluded from explaining that it has made $62,431,862.28 in payments to the County under the ICSOP Policies leaving only $18,568,137.72 remaining under the aggregate limits of the combined ICSOP Policies.

Accordingly, to the extent the Court allows the County to submit a fact question regarding erosion of the latter two ICSOP Policies to the jury, ICSOP respectfully requests that the Court reconsider its preclusion of evidence of erosion of the ICSOP Policies that ICSOP did not produce during discovery.

/ / /

/ / /

## V.     CONCLUSION

In the context of the issue presented in this case, it would be particularly prejudicial and unjust to prevent ICSOP from presenting evidence relating to impairment of the aggregate limits while the County concomitantly presents a factual question to the jury as to whether Policy Nos. 429-0989 and 4272-1195 have been eroded under the following circumstances: (1) the County's declaratory claim does not specifically present the issue of erosion of the aggregate limits as a matter for declaratory relief; (2) the interrogatory at issue does not specifically request information pertaining to erosion of the ICSOP Policies' aggregate limits; (3) the County is aware of ICSOP's payments made under the ICSOP Policies as the payments were made directly to the County; (4) the document request at issue asked for documents relating to any analysis by ICSOP of the erosion or exhaustion of the limits of liability applicable to the Chino Airport Claim and ICSOP produced the loss run as the only existing analysis of payments made regarding the Chino airport claim but never held it out to represent an allocation of payments for purposes of the remaining aggregate limits under any of the ICSOP Policies; (5) the issue of erosion of the latter two ICSOP Policies is not relevant to the claim that will be presented to the jury claim for unreimbursed expenses because the Court precluded the County's claim for damages for future policy benefits; and (6) any presentation of evidence to the jury reflecting that ICSOP has not made payments under Policy Nos. 429-0989 and 4272-1195 is untrue and would perpetrate a fraud on the Court given ICSOP has made payments to the County totaling $62,431,862.28 of the available $81 million limits the Court recently found applicable to the ICSOP Policies.

Based on the above, ICSOP requests that the Court clarify the Order and explain the Order does not allow the County to submit a factual question regarding erosion of Policy Nos. 429-0989 and 4272-1195 to the jury. In the alternative, ICSOP respectfully requests that the Court reconsider the Order and allow ICSOP to present evidence of payments made under the ICSOP Policies and an allocation of the same at trial.

/ / /

DATED:  March 5, 2024

HEROLD & SAGER

By:   _/s/ Nicholas B. Salerno_

LINDA L. SAGER, ESQ.
lsager@heroldsagerlaw.com
NICHOLAS B. SALERNO, ESQ.
nsalerno@heroldsagerlaw.com
DREW P. ROSELL, ESQ.
drosell@heroldsagerlaw.com

-and-

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC

KENNETH H. SUMNER, ESQ.
ksumner@spcclaw.com
STEPHEN R. WONG, ESQ.
swong@spcclaw.com

Attorneys for Defendant THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA