David M. Halbreich (SBN 138926)
dhalbreich@reedsmith.com
Keith A. Meyer (SBN 106104)
kmeyer@reedsmith.com
Amber S. Finch (SBN 222321)
afinch@reedsmith.com
Anthony S. Newman (SBN 235514)
anewman@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2800
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000

Maria L. Insixiengmay (SBN 281205)
maria.insixiengmay@cc.sbcounty.gov
Deputy County Counsel
Thomas Bunton (SBN 193560)
County Counsel
SAN BERNARDINO COUNTY COUNSEL
385 N. Arrowhead Avenue, Fourth Floor
San Bernardino, CA 92415-0140
Telephone: +1 909 387 5455

Attorneys for Plaintiff
San Bernardino County

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN BERNARDINO COUNTY, a California public entity,<br><br>Plaintiff,<br><br>vs.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania insurance company,<br><br>Defendant. | Case No. 5:21-cv-01978-PSG-AS<br><br>**AMENDED JOINT WITNESS LIST**<br><br>Pretrial Conference:   April 5, 2024<br>Time:                           2:00 p.m.<br>Courtroom:                 6A<br><br>Complaint Filed:   November 22, 2021<br>Trial Date:             April 25, 2024<br><br>Honorable Philip S. Gutierrez |

Plaintiff San Bernardino County ("the County") and Defendant The Insurance Company of the State of Pennsylvania ("ICSOP") hereby submit the following amended joint witness list pursuant to Federal Rule of Civil Procedure 26(a)(3)(A), Local Rule 16-5, and the Court's Standing Order for Jury Trial. The witness list has been amended to update the subjects on which certain witnesses will testify and to update the time estimates for certain witnesses' testimony. Pursuant to Local Rule 16-5, witnesses marked with an asterisk (*) may be called only if the need arises.

The County identifies the following witnesses who the County expects to call to testify at trial through live testimony or by deposition:

1. <u>Frank Altmayer, MSF</u>. Mr. Altmayer is the Vice President of Altmayer, LLC and has been designated as an expert witness by the County. Mr. Altmayer is expected to testify regarding the operations of certain Chino Airport tenants between 1940 and 1975, the likely use of chlorinated solvents by those tenants in their operations, and the likely methods used to dispose of chlorinated solvents during that time. Mr. Altmayer is expected to testify for approximately 3-4 hours.

2. <u>Anton Raviraj Arulanantham, Ph.D. (*)</u>. Dr. Arulanantham is a Senior Principal at Geosyntech Consultants, Inc. and a former Statewide Toxicologist and Science Advisor for the California State Water Resources Control Board. He has been designated as an expert witness by the County. If necessary, Dr. Arulanantham is expected to testify regarding the California Regional Water Quality Control Board, Santa Ana Region's ("the Water Board") conclusion that the groundwater contamination in the vicinity of the Chino Airport is the result of wastes that have been discharged from past disposal practices at the Airport, the County's obligations in response to the three Cleanup and Abatement Orders ("the CAOs") issued by the Water Board with respect to the contamination, the reasonableness and necessity of the investigation and remediation costs incurred by the County in response to the CAOs, and the expected 50 years needed to operate the groundwater treatment facility that is being used to implement the remedy approved by the Water Board. Dr.

Arulanantham also may testify in rebuttal to the opinions of ICSOP's retained expert, Dr. Adam Love. Dr. Arulanantham is expected to testify for approximately 30 minutes.

3.	Russell Baer (*). Mr. Baer is a Principal Consultant at Rimkus Consulting Group, Inc. ("Rimkus"). Mr. Beal and others at Rimkus were engaged by ICSOP to review documents relating to the County's claim for insurance coverage under ICSOP's policies for expenses incurred by the County to comply with the CAOs (the "Chino Airport Claim"), and to determine if expenses submitted by the County were reasonable. If necessary, the County intends to present excerpts of Mr. Baer's deposition testimony at trial regarding Rimkus' reports to ICSOP and the reasonableness and necessity of the expenses submitted by the County to ICSOP for reimbursement. Presentation of Mr. Baer's deposition testimony is expected to take approximately 15 minutes.

4.	Douglas Beal. Mr. Beal is the former Environmental Practice Leader at Rimkus. Mr. Beal and others at Rimkus were engaged by ICSOP to review documents for the Chino Airport Claim and to determine if expenses submitted by the County were reasonable. Mr. Beal is expected to testify regarding Rimkus' reports to ICSOP on the Chino Airport's historic operations, the underlying groundwater contamination, the proposed remediation efforts, and the reasonableness and necessity of the expenses submitted by the County to ICSOP for reimbursement. Mr. Beal is expected to testify for approximately 30 minutes.

5.	Francis A Cafone (*). Mr. Cafone was formerly an Assistant Manager of Complex Reinsurance Collections for AIG Reinsurance Finance. Mr. Cafone served as a reinsurance liaison with respect to the Chino Airport Claim from November 2012 to August 2020 and communicated with ICSOP's reinsurers regarding the Claim. If necessary, the County intends to present excerpts of Mr. Cafone's deposition testimony at trial regarding communications between ICSOP and its reinsurers about ICSOP's alleged investigation of the Claim and the number of occurrences that caused

the groundwater contamination at the Airport. Presentation of Mr. Cafone's deposition testimony is expected to take approximately 15 minutes.

6. <u>Elaina Charas (*)</u>. Ms. Charas is a Senior Vice President at Fortitude Reinsurance Company Ltd. ("Fortitude Re") – the current claim administrator for ICSOP for the Chino Airport Claim. She previously served as a Senior Vice President, Complex Casualty Claims at AIG. Ms. Charas has served as an upper-level manager for the Chino Airport Claim for several years. If necessary, the County intends to present excerpts of Ms. Charas's deposition testimony at trial regarding ICSOP's alleged investigation of the Claim, ICSOP's estimates of its potential exposure for the Claim, and ICSOP's decision to cut off funding for the Claim once ICSOP had paid the County one $9 million per occurrence limit under ICSOP's insurance policies. Presentation of Ms. Charas's deposition testimony is expected to take approximately 15 minutes.

7. <u>Andrew Engel</u>. Mr. Engel is a Vice President at Fortitude Re. He has been the claim supervisor for the Chino Airport Claim since November 2017 and was ICSOP's Federal Rule of Civil Procedure 30(b)(6) corporate designee. Mr. Engel is expected to testify on various issues related to the Claim, including ICSOP's alleged investigation of the Claim, ICSOP's estimates of its potential exposure for the Claim, ICSOP's decision to cut off funding for the Claim, and the evidence supporting ICSOP's affirmative defenses. Mr. Engel is expected to testify for approximately 30 minutes.

8. <u>Maria Gross</u>. Ms. Gross is a Senior Associate, Complex Casualty Claims Director at Fortitude Re and previously served as an Analyst for AIG. Ms. Gross has been responsible for handling the Chino Airport Claim since June 2017. She is expected to testify regarding various issues related to the Claim, including ICSOP's alleged investigation of the Claim, communications between ICSOP and the County regarding the Claim, ICSOP's estimates of its potential exposure for the Claim, and

ICSOP's decision to cut off funding for the Claim. Ms. Gross is expected to testify for approximately 30 minutes.

9. <u>James Jenkins</u>. Mr. Jenkins is the Director of the County's Department of Airports. Mr. Jenkins is expected to testify regarding the Chino Airport's operations and the CAOs. Mr. Jenkins is expected to testify for approximately 1 hour.

10. <u>Jeffrey H. Kinrich, CPA</u>. Mr. Kinrich is a Managing Principal at Analysis Group, Inc and has been designated as an expert witness by the County. Mr. Kinrich will testify that, as of March 2024, the County has submitted over $15.3 million in expenses associated with the investigation and remediation of the groundwater contamination beneath the Chino Airport to ICSOP for reimbursement, which ICSOP has not paid. Mr. Kinrich also will calculate prejudgment interest on this amount and the net present value of the future policy benefits owing under ICSOP's insurance policies in connection with the County's projected future investigation and remediation expenses. In the second phase of the trial, Mr. Kinrich will testify regarding ICSOP's apportioned net surplus and net income based on the financial statements of other AIG affiliated companies that pool premiums and allocate reinsurance with ICSOP. Mr. Kinrich is expected to testify in the first phase of trial for approximately 30 minutes. He also is expected to testify in the second phase for approximately 30 minutes.

11. <u>Royce J. Knight (*)</u>. Mr. Knight is a Vice President of Complex Casualty Claims at AIG. Mr. Knight was the claim supervisor for the Chino Airport Claim from October 2012 to June 2017. If necessary, the County intends to present excerpts of Mr. Knight's deposition testimony at trial regarding ICSOP's alleged investigation of the Claim, ICSOP's estimates of its potential exposure for the Claim, and ICSOP's decision to cut off funding for the Claim. Presentation of Mr. Knight's deposition testimony is expected to take approximately 15 minutes.

12. <u>Peter M. Krasnoff, PE</u>. Mr. Krasnoff is a Principal Engineer at West Environmental and has been designated as an expert witness by the County. He is

expected to testify about the aircraft wash rack operations at the Chino Airport in the 1950s, 1960s, and early 1970s, including the release of hazardous substances from the operations conducted on the concrete pad that housed the wash rack, the permeation of those substances through the pad and surrounding asphalt, and the design and use of disposal ponds to house hazardous substances released from the wash rack operations after 1955.  Mr. Krasnoff also is expected to testify that rainfall at the Airport between 1940 and 1975 increased the infiltration of chlorinated solvents on the ground surface into the soil, the soil gas, and the groundwater.  Mr. Krasnoff also will testify in rebuttal to Dr. Love's opinions.  Mr. Krasnoff is expected to testify for approximately 1.5 hours.

13.  <u>Keith A. Meyer (*)</u>.  Mr. Meyer is outside counsel for the County in this action.  In the second phase of the trial, Mr. Meyer is expected to testify regarding the attorneys' fees that the County has incurred to obtain the policy benefits that have been wrongfully withheld by ICSOP.  Mr. Meyer is expected to testify for approximately 30 minutes.

14.  <u>Michele Mehl (*)</u>.  Ms. Mehl is a Complex Director of Complex Casualty Claims for AIG.  She was ICSOP's assigned claims handler for the Chino Airport Claim prior to Ms. Gross, from February 2013 to June 2017.  If necessary, the County intends to present excerpts of Ms. Mehl's deposition testimony at trial regarding ICSOP's alleged investigation of the Claim, communications between ICSOP and the County regarding the Claim, and ICSOP's estimates of its potential exposure for the Claim.  Presentation of Ms. Mehl's deposition testimony is expected to take approximately 15 minutes.

15.  <u>Robert C. Morhard</u>.  Mr. Morhard is the Managing Director of ExploConsult, LLC and has been designated as an expert witness by the County.  He is expected to testify regarding the napalm manufacturing operations conducted by American Electric, Inc. at the Chino Airport in the late 1960s and early 1970s, and the

1  customary use and disposal of chlorinated solvents in such operations at that time.
2  Mr. Morhard is expected to testify for approximately 45 minutes.

3        16.    <u>Professor Stephen D. Prater</u>.  Professor Prater is a consultant and former
4  member of the faculty at Santa Clara University School of Law with a specialty in
5  insurance law.  He has been designated as an expert witness by the County.  Professor
6  Prater is expected to testify regarding insurance principles that are generally accepted
7  throughout the insurance industry, including the insurer-insured relationship and the
8  insurer's duties in connection with investigating and paying claims.  He is expected to
9  testify that ICSOP's handling of the Chino Airport Claim was not reasonable, did not
10 comport with the accepted custom and practice in the insurance industry, and deviated
11 from the generally accepted standard of care within the insurance industry.  Professor
12 Prater is expected to testify for approximately 1-2 hours.

13       17.    <u>Kristina A. Robb</u>.  Ms. Robb is a Deputy County Counsel in the County's
14 Office of County Counsel.  Ms. Robb is expected to testify regarding the three
15 umbrella liability insurance policies issued by ICSOP to the County under which the
16 County is seeking coverage in this action (the "ICSOP Policies"), the expenses that
17 the County submitted to ICSOP in connection with the investigation and remediation
18 of the underlying groundwater contamination, and ICSOP's termination of policy
19 benefits.  Ms. Robb is expected to testify for approximately 1 hour.

20       18.    <u>Brian Rucker</u>.  Mr. Rucker currently serves as the Deputy Group
21 Controller for AIG and the Statutory Controller for ICSOP.  Mr. Rucker is expected to
22 testify in the second phase of trial regarding the financial interrelationships between
23 ICSOP and other AIG-related companies and the financial condition of ICSOP and its
24 affiliates.  Mr. Rucker is expected to testify for approximately 30 minutes.

25       19.    <u>David Schwier (*)</u>.  Mr. Schwier was formerly an Assistant Vice
26 President, Environmental & Mass Tort Claims Department at AIG.  He was the
27 assigned claim supervisor for the Chino Airport Claim from June 2017 to November
28 2017 and he also was involved in communicating with reinsurers and estimating

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 6 –
AMENDED JOINT WITNESS LIST

ICSOP's potential exposure for the Claim before he was officially assigned as claim supervisor. If necessary, the County intends to present excerpts of Mr. Schwier's deposition testimony at trial regarding ICSOP's alleged investigation of the Claim and ICSOP's estimates of its potential exposure for the Claim. Presentation of Mr. Schwier's deposition testimony is expected to take approximately 15 minutes.

20. <u>Dorinda Shipman, PG, CHF</u>. Ms. Shipman is a Principal at Langan Engineering and Environmental Services and has been designated as an expert witness by the County. Ms. Shipman is expected to testify that, based on the historical operations that took place at the Chino Airport between 1940 and 1975, there were at least eleven (11) independent causes of the groundwater contamination in the vicinity of the Chino Airport, and those causes are differentiated based on the timing of the release, the activity that resulted in the release, the entity responsible for the release, and the location of the release at the Airport. She is expected to explain her analysis of the subsurface transport of chlorinated solvents released at the ground surface, and based on that analysis, she will explain that the groundwater was contaminated from each of the above-mentioned causes between 1966 and 1975. Ms. Shipman also will testify in rebuttal to Dr. Love's opinions. Ms. Shipman is expected to testify for approximately 3-4 hours.

21. <u>Benjamin M. Weink, PG</u>. Mr. Weink is a Vice President and Principal Hydrogeologist at Tetra Tech, Inc. ("Tetra Tech") and has been designated as a non-retained or non-specially employed expert witness by the County. Tetra Tech has been the County's environmental consultant for more than twenty years and Mr. Weink is expected to testify regarding the investigations into the groundwater contamination in the vicinity of the Chino Airport and the potential sources of the groundwater contamination arising from the historical activities at the Airport. Mr. Weink is also expected to testify regarding the remediation plan that was approved by the Water Board to treat the groundwater contamination, including the projected costs of the project. Mr. Weink also will testify in rebuttal to Dr. Love's opinions. Mr.

Weink is expected to testify for approximately 3-4 hours.

The County reserves the right to call additional rebuttal or impeachment witnesses and also reserves the right to call any witness identified by ICSOP.

ICSOP identifies the following witnesses who ICSOP expects to call to testify at trial through live testimony or by deposition:

1. <u>Maria Gross</u>. Ms. Gross is expected to testify regarding (1) ICSOP's investigation and handling of the claim concerning the County's request for insurance coverage for costs arising from the CAOs issued by the Water Board and/or the alleged groundwater contamination asserted therein including but not limited to ICSOP's requests that the County provide information concerning the source and cause of the contamination plume so that ICSOP could evaluate the issue further; (2) ICSOP's correspondence with the County including reservation of rights letters issued by ICSOP; (3) ICSOP's reimbursement of the reasonable and necessary fees and costs incurred by the County for the investigation and remediation of the groundwater contamination; (4) ICSOP's retention of technical consultants to review in the information provided by the County regard the claim including the reasonableness and necessity of the costs incurred; (5) ICSOP's setting and adjusting of reserves for the claim; and (6) payments made by ICSOP to the County under the ICSOP Policies. Ms. Gross is expected to testify for approximately 2-3 hours.

2. <u>Andrew Engel</u>. Mr. Engel is expected to testify regarding (1) ICSOP's investigation and handling of the claim concerning the County's request for insurance coverage arising from the CAOs and/or the alleged groundwater contamination asserted therein; (2) ICSOP's correspondence with the County including reservation of rights letters issued by ICSOP; (3) the prejudice ICSOP suffered from the County's undue delay in reporting the claim to ICSOP; (4) ICSOP's Pollution and Asbestos Quarterly Reports and ICSOP's process for setting and adjusting loss reserves; and (5)

payments made by ICSOP to the County under the ICSOP Policies. Mr. Engel is expected to testify for approximately 1-2 hours.

3. <u>Douglas Beal</u>. Mr. Beal is expected to testify regarding his role as a technical consultant for ICSOP including review of the invoices that the County submitted to ICSOP for payment, the work and costs described in those invoices, and the information the County provided regarding the contamination allegedly emanating from the Chino airport site.  Mr. Beal is expected to testify for approximately 1-2 hours.

4. <u>Adam Love</u>. Dr. Love is expected to testify regarding (1) the groundwater treatment system being employed by the County and whether it is designed to address the chlorinated solvents impacts at the Chino airport resulting from the continuous or repeated exposure to conditions associated with historic airport-wide waste disposal practices, and the design and scale of the groundwater cleanup system being solely driven by groundwater impacts from trichloroethylene ("TCE") and 1,2,3-trichloropropane ("1,2,3-TCP"); (2) whether there is evidence to support the County's claims of 18 separate and distinct releases that they recently alleged resulted in 16 separate occurrences at the Chino airport site; (3) whether based on the site information, there was a release of chlorinated solvents in the north central portion of the Chino airport site resulting from the continuous or repeated exposure to conditions associated with historic airport-wide waste disposal practices, and whether once the investigation of the remaining data gaps has concluded, a maximum of two releases may be possible; (4) whether based on the site information, there is data to support the County's representation that there are two separate and distinct chlorinated groundwater plumes at the Chino airport site (Western and Eastern plumes); and (5) the new soil vapor data collected in 2023 by Tetra Tech to fill in some of the site assessment data gaps in the vicinity of Area of Concern ("AOC") HH and further suggests that there is a single source area of TCE contamination across AOCs J-K, HH, and EE that represents the continuous or repeated exposure to conditions

associated with historic airport-wide waste disposal practices. Dr. Love is also expected to testify in rebuttal to the opinions and testimony of Frank Altmayer, Nicholas Veronico, Peter Krasnoff, Robert Morhard, Dorinda Shipman, and Anton Raviraj Arulanantham. Dr. Love is expected to testify for approximately 6-7 hours.

5. <u>Paul C. Thomson III</u>. Mr. Thomson is expected to testify regarding insurance industry custom and practice and standard of care regarding claims handling and that ICSOP handled the environmental claim submitted by the County in a reasonable manner consistent with industry custom and practice including but not limited to that: (1) the County did not provide sufficient information for ICSOP to determine whether there was more than one occurrence; (2) ICSOP retained technical consultants to review and evaluate the information provided by the County with regard to the source and timing of the alleged contamination as well as the sufficiency of the backup costs submitted by the County for reimbursement; (3) when the County identified a potential second plume, ICSOP continued to investigate the information provided regarding the second plume and requests for additional information relating to the source and cause of the plumes; (4) ICSOP continued to request information pending the County's own ongoing investigation; (5) the ICSOP Policies are Ultimate Net Loss policies that do not require ICSOP to take charge of the investigation or defense of the County and required that the County provide sufficient facts to demonstrate coverage beyond mere possibilities;  (6) ICSOP adjusters were in regular communication with the County regarding the claim and development of procedures to submit costs to ICSOP including ICSOP's requests for additional information when necessary, and ICSOP's reimbursement to the County for covered costs pursuant to a reservation of rights; (7) the County's revised allegations concerning the alleged number of separate occurrences; and (8) the timing of the County's determination of the alleged number of separate occurrences. Mr. Thomson is also expected to testify in

response to the opinions and testimony of Stephen Prater, if Mr. Prater's testimony is allowed. Mr. Thomson is expected to testify for approximately 3-4 hours.

6. <u>Eric Broome</u>. If necessary, ICSOP intends to present excerpts of Mr. Broome's deposition testimony at trial regarding (1) the County's communications with ICSOP regarding the claim; and (2) submission of the County's costs relating to the investigation and/or remediation required by the CAOs to ICSOP for reimbursement. ICSOP also intends to present excerpts of Mr. Broome's deposition testimony in his capacity as a Rule 30(b)(6) witness for the County at trial regarding: (1) The County's submission of any costs for reimbursement to ICSOP under the ICSOP Policies relating to the investigation and/or remediation required by the CAOs including the County's communications with ICSOP concerning any such costs, the County's procedures for submitting such costs for reimbursement, and the nature and support for the costs submitted for reimbursement; (2) Any costs submitted by the County for reimbursement to ICSOP under the ICSOP Policies relating to the investigation and/or remediation required by the CAO that the County contends were unreasonably and wrongfully slow-paid, delayed, denied, and/or refused for payment by ICSOP for losses covered under the ICSOP Policies that the County contends constitutes a breach of the duty of good faith and fair dealing, including the date of any such submission and the identification of any documents reflecting any such submissions and positions relating to same; and (3) Any communications and/or information conveyed by the County to ICSOP to support any contention by the County that the groundwater contamination that is the subject of the CAOs is the result of more than one occurrence, including the date that any such communication and/or information was conveyed, the identity of any person that conveyed any such communication and/or information, the identity of any document intended to convey any such communication and/or information, and the reason the County contends any such communication and/or information was sufficient to determine whether more than one occurrence is involved in the groundwater contamination that is the subject

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

of the CAOs. Presentation of Mr. Broome's deposition is expected to take approximately 1-2 hours.

7. <u>James Jenkins</u>. Mr. Jenkins is expected to testify regarding (1) the County's investigation and remediation of the groundwater contamination emanating from the Chino airport in response to the CAOs; and (2) communications with the Water Board regarding the CAOs and the County's investigation and remediation of the groundwater contamination. Mr. Jenkins is expected to testify in his capacity as a Rule 30(b)(6) witness for the County regarding: (1) The nature of any operations at the Chino airport that the County believes contributed to or caused the discharge of contaminants to the groundwater that is the subject of the CAOs including but not limited to the alleged unsafe levels of the following volatile organic compounds: trichloroethene, 1,2,3, trichloropropane, 1,1 dichloroethene, cis-1,2-dichloroethene, 1,2-dichloroethane, carbon tetrachloride and 1,4 dioxane including the facts and the information relied on by the County to support any such belief; (2) The County's communications with the Water Board regarding the County's investigation and remediation of any groundwater contamination that is the subject of the CAOs including any proposed investigation and remediation protocols and the identification of any documents meant to convey any such communications; (3) The County's communications with Tetra Tech regarding the nature and scope of any investigation and remediation of any groundwater contamination performed by or at Tetra Tech's direction on the County's behalf that is the subject of the CAOs including the reason that Tetra Tech was requested to perform any such aspect of work or services by the County; (4) The nature and extent of the County's investigation and remediation of any groundwater contamination required by the CAOs including the basis of any decisions the County made relating to the actual or proposed investigation and remediation protocols; and (5) The County's investigation of the source and timing of the groundwater contamination that is the subject of the CAOs, including when any such investigation occurred, the identity of any person that conducted any such

investigation, any Chino airport operation investigated as a potential source of the groundwater contamination that is the subject of the CAOs, and the County's findings regarding the source and timing of any groundwater contamination that is the subject of the CAOs. Mr. Jenkins is expected to testify for approximately 3-4 hours.

8. <u>Kristina Robb</u>. In phase one of trial, Ms. Robb's is expected to testify regarding the County's communications with ICSOP regarding the claim including the County's responses to ICSOP's requests for information demonstrating the actual source and cause of the groundwater contamination that is the subject of the CAOs and the timing of the County's alleged determination of the alleged cause of any separate occurrences. In phase two of trial, Ms. Robb is expected to testify regarding the support for the County's alleged *Brandt* fee claim and the County's guidelines applicable to same if necessary. Ms. Robb is expected to testify for approximately 1-2 hours.

9. <u>Benjamin Weink</u>. Mr. Weink is expected to testify regarding (1) Tetra Tech's investigation and remediation of the groundwater contamination that is the subject of the CAOs on the County's behalf and the objectives of the same; (2) the source and cause of any groundwater contamination that is the subject of the CAOs and the timing of the same; and (3) Tetra Tech's communications with the Water Board regarding the CAOs. Mr. Weink is expected to testify for approximately 2-3 hours.

10. <u>Patricia Hannon</u>. Ms. Hannon is expected to testify regarding (1) the Water Board's communications with the County and Tetra Tech relating to the CAOs; (2) the Water Board's evaluation of the County's compliance with the CAOs; and (3) the Water Board's directives to the County requiring the County to continue to investigate the source and cause of the groundwater contamination. Ms. Hannon is expected to testify for approximately 1-2 hours.

11. <u>Brian Rucker (*)</u>. Mr. Rucker is expected to testify in the second phase of trial, if necessary, regarding financial statements of ICSOP and American

International Group, Inc. ("AIG") as well as the pooling arrangement involving ICSOP and AIG. Mr. Rucker is expected to testify for approximately 1 hour.

12. <u>Peter Wrobel (*)</u>. Mr. Wrobel is expected to testify in the second phase of trial, if necessary, in response to the opinions and testimony of Jeffrey H. Kinrich. Mr. Wrobel is expected to testify for approximately 1 hour.

13. <u>Keith A. Meyer (*)</u>. Mr. Meyer is outside counsel for the County in this action. In the first phase of trial, Mr. Meyer is expected to testify regarding the timing of the County's alleged determination of the alleged cause of any separate occurrences. In the second phase of the trial, Mr. Meyer is expected to testify regarding the alleged attorneys' fees that the County has allegedly incurred to obtain the policy benefits that have allegedly been wrongfully withheld by ICSOP as well as the County's guidelines applicable to same if necessary. Mr. Meyer is expected to testify for approximately one hour.

ICSOP reserves the right to call additional rebuttal or impeachment witnesses and also reserves the right to call any witness identified by the County.

DATED: March 15, 2024    REED SMITH LLP

By: */s/ Anthony S. Newman*[1]
Anthony S. Newman
Attorneys for Plaintiff
San Bernardino County

DATED: March 15, 2024    HEROLD & SAGER

By: */s/ Nicolas B. Salerno*
Nicholas B. Salerno
Attorneys for Defendant
The Insurance Company of the State of Pennsylvania

---

[1] Pursuant to Local Rule 5-4.3.4(a)(2)(i), filing counsel attests that all other signatories listed below, on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.