LINDA L. SAGER, ESQ., BAR NO. 185584
lsager@heroldsagerlaw.com
NICHOLAS B. SALERNO, ESQ., BAR NO. 167840
nsalerno@heroldsagerlaw.com
DREW P. ROSELL, ESQ., BAR NO. 306524
drosell@heroldsagerlaw.com
HEROLD & SAGER
550 Second Street, Suite 200
Encinitas, CA 92024
Telephone: (760) 487-1047

KENNETH H. SUMNER, ESQ., BAR NO. 178618
ksumner@spcclaw.com
STEPHEN R. WONG, ESQ., BAR NO. 186187
swong@spcclaw.com
SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2000 Powell Street, Suite 830
Emeryville, CA 94608
Telephone: (415) 352-6200

Attorneys for Defendant THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

SAN BERNARDINO COUNTY, a California public entity,

Plaintiff,

vs.

THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania insurance company,

Defendant.

CASE NO. 5:21-cv-01978 PSG (ASx)

**THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA'S REPLY IN SUPPORT OF NOTICE OF MOTION AND MOTION FOR CLARIFICATION OR, IN ALTERNATIVE, RECONSIDERATION OF THE COURT'S FEBRUARY 20, 2024 ORDER GRANTING THE COUNTY OF SAN BERNARDINO'S MOTION IN LIMINE NO. 3 (ECF 275)**

Hearing Date: April 5, 2024
Hearing Time: 1:30 p.m.
Courtroom: 6A

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1

II. CLARIFICATION OF THE ORDER IS APPROPRIATE .......... 2

A. The County's Contention That Reconsideration Standards Apply To ICSOP's Request For Clarification Misses The Mark .......... 2

B. A Determination Of Erosion Of The Latter Two ICSOP Policies For Future Expenses Is Not Responsive To The Issues To Be Presented At Trial And Would Constitute An Improper Advisory Opinion .......... 4

C. The Court Should Clarify If The Order Is A Broad Discovery Misconduct Sanction As The County Contends .......... 8

III. TO THE EXTENT THE COURT PERMITS A DECLARATION REGARDING EROSION, ICSOP REQUESTS RECONSIDERATION .......... 10

A. The County Had Not Disclosed Its Now Precluded Future Benefits Claim When The Discovery At Issue Was Propounded .......... 10

B. ICSOP's Assertion That A Determination On Erosion Cannot Be Made At This Time Is Proper For Reconsideration .......... 11

C. The Fact That ICSOP Did Not Hold Out The Loss Run As An Allocation Was Not Already Rejected By The Court .......... 11

D. ICSOP's Assertions Regarding Prejudice Are Proper .......... 12

IV. CONCLUSION .......... 12

# TABLE OF AUTHORITES

**Cases** **Page(s)**

*American Bankers Ins. Co. of Fla. v. Velazquez*
830 Fed.Appx. 920 (9th Cir. 2020) ....... 6

*Aquino v. BT's on the River, LLC*
2021 WL 99545 (S.D. Fla. 2021) ....... 4

*Ass'n of Ca. Water Agencies Joint Powers Ins. Auth. v. Ins. Co. of the State of Pa.*,
2013 WL 12126018 (C.D. Cal. 2013 ....... 7

*Bernstein v. Virgin America, Inc.*
2018 WL 6199679 (N.D. Cal. 2018) ....... 9

*Beyond Blond Prod., LLC v. Heldman*
2020 WL 11886260 (C.D. Cal. 2020) ....... 3

*Calderon v. Moore*
518 U.S. 149 (1996) ....... 4

*Infanzon v. Allstate Ins. Co.*
335 F.R.D. 305 (C.D. Cal. 2020) ....... 11

*JOM, Inc. v. Adell Plastics, Inc.*
193 F.3d 47 (1st Cir. 1999) ....... 11

*Lehman Com. Paper, Inc. v. Fidelity Nat'l Title Ins. Co.*
2013 WL 12114828 (C.D. Cal. July 25, 2013) ....... 5

*Liberty Ins. Co. v. Brodeur*
41 F.4th 1185 (9th Cir. 2022) ....... 9

*N. Alaska Env't Ctr. v. Haaland*
2023 WL 3661998 (D. Alaska May 25, 2023) ....... 3

*Nationwide Life Ins. Co. v. Richards*
541 F.3d 903 (9th Cir. 2008) ....... 5

*San Diego Unified Port Dist. v. Landmark Ins. Co.*
809 F. App'x 407 (9th Cir. 2020) ....... 9

## TABLE OF AUTHORITES (continued)

**Cases** **Page(s)**

*San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*
2018 WL 4680005 (S.D. Cal. 2018) ........ 8

*Scott v. Pasadena Unified Sch. Dist.*
306 F.3d 646 (9th Cir. 2002) ........ 5

*Trans. Ins. Co. v. Cent. Natl. Ins. Co. of Omaha*
2021 WL 5985566 (D. Or. 2021) ........ 11

*Trinh v. Homan*,
466 F.Supp.3d 1077 (C.D. Cal. 2020) ........ 6

**Federal Statutes**

Federal Rule of Civil Procedure Rule 34 ........ 11

Federal Rule of Civil Procedure 37 ........ 9, 11

## I. INTRODUCTION

The necessity for The Insurance Company of the State of Pennsylvania ("ICSOP") to bring its motion for clarification is aptly underscored by the County's opposition position that the Court's order on the San Bernardino County's ("the County") motion in limine no. 3 (the "Order") resulted in a discovery sanction that will support a judicial determination or a factual determination by the jury[1] that the aggregate limits of ICSOP Policy Nos. 429-0989 and 4272-1195 are not impacted by any payments made by ICSOP prior to issuance of the Court's Order such that those limits will be available in the future to cover yet to be incurred investigation and remediation expenses. The County seeks such a judicial determination despite the fact that all such payments were made to, and are thus known by, the County.

Any such determination would be wholly untrue and unjust in light of the $62,431,862.28 ICSOP has paid to the County to date under all three ICSOP policies. While such a broad sweeping discovery "sanction" does not appear to have been encompassed by the Order given the Court found ICSOP would suffer no prejudice by this ruling and did not in any away address any alleged willfulness, fault, or bad faith on the part of ICSOP or the availability of lesser sanctions, the County has shown that the need for clarification is of paramount importance.

On February 14, 2024, the Court found that there is a $27 million aggregate for each ICSOP policy resulting in an $81 million combined aggregate limit for property damage for all three ICSOP policies. (ECF No. 274 at pp. 13-18.) If the $27 million in payments that exhaust the aggregate limit of the first ICSOP policy are deducted from the $62,431,862.28 paid by ICSOP to the County under all three ICSOP policies to date, approximately $35.5 million of such payments must be allocated to ICSOP

[1] After ICSOP conferred with the County over the jury instructions and verdict forms and the County's intention to submit the issue of erosion as a factual determination to the jury, the County's opposition pivots to assert that the issue of erosion should be resolved as a judicial determination in light of the proposed discovery sanction set forth in the Order which "functionally mooted any factual dispute on aggregate limits issues." However, the County still adheres to its position that any factual dispute would be heard by the jury. (ECF No. 286 at 8:13-25; 15:27-28.)

Policy Nos. 429-0989 and 4272-1195. As such, in essence, the County contends that the Court or the jury should make a determination that the County is entitled to $35.5 million more in coverage than the $81 million combined aggregate limits available under all three ICSOP policies, which the Court recently found applies to this claim.

The County does not dispute that ICSOP has paid $62,431,862.28 to the County under the ICSOP Policies, and it thus cannot be disputed as a factual and legal matter that only approximately $18.5 million remains of the combined aggregate limits. Instead, the County contends that the Order constitutes a discovery sanction for alleged misconduct supporting a judicial finding that no payments made prior to the Order should be considered for purposes of determining erosion of the latter two ICSOP policies such that there is $54 million available in aggregate limits for future yet to be incurred investigation and remediation expenses.

The County, however, seeks an unduly prejudicial and unjustified windfall in its attempt to establish coverage for an approximate $35.5 million of coverage above the applicable aggregate limits available under the ICSOP Policies even though such future expenses have not been incurred, the remaining aggregate limits available in the future cannot be determined at this time and such a judicial determination is not relevant to the claims that will be presented at trial.

Obviously, the Court knows if the Order is intended to support the discovery sanction that the County now seeks as a result of the Order. If in fact this was the Court's intent, ICSOP requests reconsideration of the Order for the reasons discussed in ICSOP's moving papers and below in order to prevent such a manifest injustice.

## II. CLARIFICATION OF THE ORDER IS APPROPRIATE

### A. <u>The County's Contention That Reconsideration Standards Apply To ICSOP's Request For Clarification Misses The Mark</u>

The County asserts that ICSOP's request to clarify should be evaluated and denied based solely on motion for reconsideration standards because it contends ICSOP only raises arguments that were previously rejected or based on a fact not

presented to the Court before the order was entered. (ECF No. 286 at 6:2-18:14.) However, the authority relied on by the County acknowledges that while courts will apply reconsideration standards to motions styled as motions for clarification that only seek reconsideration, a court has inherent power to clarify an order and may do so without reference to reconsideration standards. *See*, *e.g.*, *Beyond Blond Prod., LLC v. Heldman*, 2020 WL 11886260, at *2 (C.D. Cal. 2020). Clarification is appropriate under the Court's inherent power where the parties are uncertain about the scope of a ruling or when a ruling is reasonably susceptible to differing interpretations. *N. Alaska Env't Ctr. v. Haaland*, 2023 WL 3661998, at *3 (D. Alaska May 25, 2023).

The County's opposition makes clear the County views the Order as a discovery "misconduct" sanction that now permits the County to obtain a false judicial declaration there has been no erosion of the latter two ICSOP policies allowing the County to obtain coverage in excess of the combined aggregate limit of all three policies. (ECF No. 274 at pp. 14-18.) ICSOP contends that the Order prevents it from offering evidence that the County's claim for incurred and unreimbursed expenses is limited in any fashion by the aggregate limits of Policy Nos. 429-0989 and 4272-1195. ICSOP has made clear it has never intended to offer such evidence because it has never taken the position that the aggregate limits preclude coverage for the County's claim for those expenses. (ECF Nos. 277 at 10:18-23; 195 at 3:21-4:5; 8:4-17.) ICSOP's interpretation is consistent with the Court's finding that any prejudice resulting from the preclusion of evidence of erosion is harmless because it is mitigated by the preclusion of the County's claim for future benefits. (ECF No. 275 at p. 7.) Given the parties have two different interpretations concerning the impact of the Order, clarification under the Court's inherent power is appropriate and necessary, particularly, where these issues will have to be addressed by the Court prior to trial.

The County's contention that it is improper for the Court to consider the declaration of Maria Gross regarding the Yucaipa site based on reconsideration standards should be disregarded for the same reasons–the Court has the inherent

power to clarify its Order and is not bound by reconsideration standards. The County's citation to *Aquino v. BT's on the River, LLC*, 2021 WL 99545, at *2 (S.D. Fla. 2021) does not necessitate a different result as the *Aquino* court only found that new evidence was impermissible for the part of the motion that went to reconsideration. Ms. Gross' declaration is meant to illustrate one of the many reasons why it is impossible to determine what amount of aggregate limits will be available in the future for investigation and remediation expenses yet to be incurred by the County for the Chino airport cleanup and is wholly appropriate for this purpose.

### B. A Determination Of Erosion Of The Latter Two ICSOP Policies For Future Expenses Is Not Responsive To The Issues To Be Presented At Trial And Would Constitute An Improper Advisory Opinion

The County fails to establish the newly requested judicial declaration or jury determination regarding the erosion of aggregate limits of the latter two ICSOP policies is responsive to the issues to be presented at trial and, thus, would not constitute an advisory opinion. While federal courts retain discretion in deciding whether to grant declaratory relief, "federal courts may not give opinions upon moot questions or abstract propositions." *Calderon v. Moore*, 518 U.S. 149, 150 (1996). A judicial determination relating to the available aggregate limits of the later two ICSOP policies is both moot now that the Court has precluded the County's untimely future policy benefits claim and would be based on abstract propositions concerning unpredictable future events.

As explained in ICSOP's moving papers, the declaratory relief cause of action and pretrial order only vaguely seeks declarations as to whether ICSOP is obligated to pay further amounts that have been or will be incurred by the County and do not reference erosion or exhaustion of the aggregate limit of any of the ICSOP policies. Since the filing of these operative pleadings, the Court has precluded the County's untimely disclosed future policy benefits claim and the question of erosion is now moot for such claim. (ECF No. 274.) Nonetheless, the County contends that "the issue

of erosion remains relevant to the County's declaratory relief claim, which has always explicitly sought declarations regarding the availability of insurance coverage for future costs." (ECF No. 286 at 11:13-12:19.) However, it was only after the Court's ruling that the ICSOP Policies contain an aggregate limit and the close of discovery that the County disclosed to ICSOP that it intended to obtain a determination regarding erosion of the aggregate limits pursuant to the declaratory relief cause of action. (ECF No. 277 at 13:8-19.) The County's assertions are a plain attempt to shoehorn its newly sought determination regarding erosion into a declaratory relief cause of action that never contemplated such relief. If the County is permitted to obtain a such an unpled declaration, the proceeding would turn into a "trial by ambush." *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008).

The County's attempt to distinguish application of *Lehman Com. Paper, Inc. v. Fidelity Nat'l Title Ins. Co.*, 2013 WL 12114828 (C.D. Cal. July 25, 2013) is misplaced. The County asserts the reasoning of *Lehman* does not apply because the Court's future policy benefits ruling did not preclude declaratory relief relating to whether future policy benefits are owed and reiterates its flawed position that erosion has always been relevant to the County's declaratory relief claim. (ECF No. 286 at 11:13-12:19.) However, given the future policy benefits claim was not timely disclosed, a declaration regarding erosion for future yet to be incurred expenses is not responsive to the pleadings and is not before the Court, rendering it a speculative advisory opinion just like the requested relief in *Lehman.*

The County's contention that a declaration relating to erosion of the aggregate limits is proper even though the future amounts that may be owed under the ICSOP Policies are not yet known or certain is without merit. To warrant declaratory relief, the party seeking such relief "must establish that the claim does not rest upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 656, 662 (9th Cir. 2002). In addition, courts must ensure that the declaration would have practical enforcement

effect. *See Trinh v. Homan*, 466 F.Supp.3d 1077, 1089 (C.D. Cal. 2020). Where an abstract dispute would potentially have concrete legal significance to the parties' rights only if a series of contingent future events were all to occur, declaratory relief is not ripe. *American Bankers Ins. Co. of Fla. v. Velazquez*, 830 Fed.Appx. 920, 921 (9th Cir. 2020). In *American Bankers*, the Ninth Circuit affirmed the district court's refusal to issue a declaration that an insurer's rejection of an underlying plaintiff's policy limit settlement demand was in bad faith because such a finding was not ripe. *Id*. at 921. The Ninth Circuit found that a bad faith determination would have no impact on the parties' rights until an excess judgment was obtained in the underlying case and the underlying plaintiff obtained an assignment of the insurer's rights. *Id*. The Ninth Circuit explained that such an abstract dispute would potentially have legal significance to the parties' rights only if a series of contingent future events were all to occur. *Id*. Given the key role of such speculative contingencies, the Ninth Circuit concluded the parties' dispute over whether the insurer acted in good faith lacked sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Id*.

      As in *American Bankers*, there are a number of contingencies that would have to occur before the amount of remaining aggregate limits could be determined for any future investigation and remediation expenses. For example, the level of available aggregate limits that may be available for future expenses on any particular ICSOP policy could be impacted by other claim payments such as payments relating to the Yucaipa claim, other covered claims that may be submitted and paid prior to incurring any future expenses for the Chino airport claim, what policy period(s) an occurrence took place pertaining to the Chino airport claim or some other yet to be made claim, and what is the ultimate net loss for any future claims and expenses related to the Chino airport claim. In fact, it was only recently learned at the deposition of Keith Meyer taken on February 29, 2024 that the County has been pursuing potentially responsible parties who may be directly or indirectly responsible to contribute to the payment of the Chino airport cleanup. (Declaration of Nicholas B. Salerno ("Salerno

Decl.") ¶ 2, Ex. 5.) The ultimate net loss coverage owed under the ICSOP policies by necessity requires that any such recoveries be determined before the "ultimate net loss in excess of the amount borne by the Assured" can be determined under the Loss Payable provision set forth in the ICSOP Policies. (ECF No. 277 15:16-22.)

Indeed, the number and scope of occurrences at the airport are yet to be determined and the County has changed its view of the applicable occurrences throughout the litigation and as recently as March 8 and 14, 2024 in the Supplemental Expert Reports of Dorinda Shipman. On March 8 and 14, 2024, Ms. Shipman offered supplemental expert reports that reduced the number of claimed occurrences from 18 to 16 and include new opinions regarding alleged additional distinct releases at separate locations at different time periods within the areas of concern. (Salerno Decl. ¶¶ 3-4, Exs. 6-7.) The County's ever-changing alleged number of occurrences and timing of same must also be determined before the remaining aggregate limits of any particular ICSOP policy can be determined for future expenses.

The County mischaracterizes ICSOP's argument relating to Condition J, asserting that ICSOP argues that the indemnity-only nature of the ICSOP Policies and Condition J bars the declaratory relief sought by the County. (ECF No. 286 at 18:6-14.) ICSOP raises Condition J to illustrate the future contingencies that cannot be determined now because Condition J requires that the County actually pay the investigation and remediation expenses and any recoveries from responsible parties are determined before ICSOP has any obligation to reimburse those expenses under the ICSOP policies. *Ass'n of Ca. Water Agencies Joint Powers Ins. Auth. v. Ins. Co. of the State of Pa.*, 2013 WL 12126018, at *9 (C.D. Cal. 2013) (finding under ultimate net loss policy insurer is not obligated to reimburse insured until after claims have been settled or adjudicated, and coverage determined.) As such, a determination regarding the available aggregate limits to reimburse the County for the ultimate net loss borne by the County can only be made for future expenses at the time a future ultimate net loss can be determined. Given the abstract series of future contingent

events that must occur before an amount of available aggregate limits can be determined for any expenses actually borne by the County in the future, the County's reliance on cases that allowed declaratory relief for a future contingency considered likely to occur simply has no bearing on the County's current attempt to obtain a judicial determination about what aggregate limits will be available in the future for future expenses in relation to the Chino airport claim. (ECF No. 286 at 12:20-13:18.)

Accordingly, the judicial and/or factual determination sought by the County relating to the erosion of the latter two ICSOP policies is not ripe and any finding regarding the same would constitute an improper advisory opinion that has no practical enforcement effect particularly when the time for a judicial declaration has passed.[2] The County's assertion that declaratory relief should be granted to avoid piecemeal litigation also fail as courts cannot determine such claims that are not ripe.

### C. The Court Should Clarify If The Order Is A Broad Discovery Misconduct Sanction As The County Contends

The County's opposition baldly states that the Order is a sanction for ICSOP's purported "discovery misconduct" that prevents ICSOP from asserting any defense to the unpled declaratory relief relating to erosion of the aggregate limits: "[o]nly by issuing such a declaration can this Court enforce the discovery sanction imposed by the Court's Order." (ECF No. 286 at 1:14-18.) Initially, ICSOP disputes that the County can obtain a determination from the jury or the Court that the latter two ICSOP policies are not eroded based solely on a purported failure of ICSOP to produce erosion information without the County proffering any of its own evidence of lack or erosion as the County appears to contend. *San Diego Unified Port Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2018 WL 4680005, at *13 (S.D. Cal.

---

[2] Although the County contends the Court already addressed whether the time for judicial declaration has passed (ECF No. 286 at 17:17-18:3), the Order does not address the County's claim for declaratory relief much less the County's position that it is entitled to such relief. The County similarly contends the Court already addressed ICSOP's argument that the Court's ruling on the parties' motions for summary judgment noted that only the County's breach of contract claims and bad faith claims remain (*Id.*), but that argument was not addressed by the Court either.

2018), *rev'd and remanded sub nom San Diego Unified Port Dist. v. Landmark Ins. Co.*, 809 F. App'x 407 (9th Cir. 2020) ("Without admissible evidence to demonstrate the policy limits have been satisfied, exhaustion of all four policies cannot be determined"). Further, while ICSOP understands the Court had concerns that "ICSOP failed to comply with its discovery obligations," the Order appears to only preclude evidence of erosion not produced during discovery in relation to the County's claim for damages for its unreimbursed expenses, which again ICSOP has made clear it has never intended to do for the simple reason that the County's unreimbursed expense claim is within the aggregate limits of the ICSOP Policies. The same is not true for future expenses that may exceed the ICSOP Policies' aggregate limits.

Where a discovery sanction excludes evidence that amounts to dismissal of a defense, the Court must consider whether the noncompliance justifying the sanction "involved willfulness, fault, or bad faith ... and also to consider the availability of lesser sanctions" before precluding evidence or witnesses as a Rule 37(c)(1) sanction. *Liberty Ins. Co. v. Brodeur*, 41 F.4th 1185, 1192–93 (9th Cir. 2022); *Bernstein v. Virgin America, Inc.*, 2018 WL 6199679, at *5 (N.D. Cal. 2018) (exclusion of evidence would arguably amount to dismissal of affirmative defense of waiver so court had to consider whether the claimed noncompliance involved willfulness, fault, or bad faith). Since, under the County's purported discovery sanction, ICSOP would effectively be precluded from applying up to approximately $35.5 million of prior payments made to the County towards the aggregate limit of the ICSOP Policies and the Court has never analyzed any alleged willfulness, bad faith, fault, or the availability of lesser sanctions, there is no support for the County's position that such a judicial determination was intended by the Court as a discovery sanction.[3] Again, obviously, the Court can clarify if such a judicial determination was contemplated as a discovery sanction as the County contends, but the Order does not appear to constitute

[3] Notably, the Court performed such an analysis when it allowed discovery as a lesser sanction on the County in lieu of precluding its *Brandt* fee claim (ECF No. 273 at p. 5).

such a broad discovery sanction and such a sanction would be contrary to the Court's finding that ICSOP will not prejudiced by the preclusion of aggregate limit erosion evidence beyond the loss run because the County's future benefits has been precluded. (ECF No. 275 at p. 7, ftnt 5 (where the Court noted that any potential inference drawn by precluding policy erosion evidence is rendered harmless because the future policy benefits claim is precluded.)) To the extent the Court views the situation as the County contends, the only appropriate sanction, if the jury finds up to three more occurrences, would be to find that the difference between the remaining $18.5 million in aggregate limits and any unreimbursed expenses that are awarded would be available within the aggregate limit of coverage, which ICSOP does not and never has disputed.

## III. TO THE EXTENT THE COURT PERMITS A DECLARATION REGARDING EROSION, ICSOP REQUESTS RECONSIDERATION

### A. The County Had Not Disclosed Its Now Precluded Future Benefits Claim When The Discovery At Issue Was Propounded

The County asserts that ICSOP had notice of a potential claim for future policy benefits as early as March 2022 based on this Court's ruling on ICSOP's motion in limine no. 7. (ECF No. 286 at 19:6-16.) However, the Court noted that the County's initial disclosures were "unclear" and ultimately precluded the County from asserting a claim for damages for future policy benefits because the County failed to comply with its disclosure obligations requiring the identification of supporting documents and a computation of damages for such a claim. (ECF No. 274 at 5-6.) When ICSOP responded to interrogatory no. 10, the County had only disclosed a damage calculation and identified supporting documents relating to the alleged unreimbursed expenses and ICSOP interpreted the discovery to relate to the per occurrence limits. There was no effort whatsoever on the part of the County following ICSOP's response to seek a different or adequate response that would be responsive to a determination of remaining aggregate limits or an allocation of prior policy payments.

If in fact the County truly intended to seek a determination of the allocation of

other policy payments as it contends, such a determination requires evidence rather than a lack of evidence as the County attempts to do based on the Court's Order. *Trans. Ins. Co. v. Cent. Natl. Ins. Co. of Omaha*, 2021 WL 5985566, at *13–14 (D. Or. 2021). The County asserts it had no obligation to meet and confer or clarify that ICSOP's responses to its discovery requests were not responsive because that would somehow reverse the parties' discovery burdens. The County's reliance on *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 311 (C.D. Cal. 2020) in this regard is misplaced. While the *Infanzon* court recognized that the 2015 amendments to Rule 34 requires objections to be stated with specificity, the court did not find the 2015 amendments did away with a propounding parties' obligation to confer regarding insufficient responses. *Id.* (affirming 2015 amendments will facilitate more productive "required conferences of counsel.") Rule 37 has and still requires a propounding party to confer in good faith with the person or party allegedly failing to make discovery in an effort to obtain it without court action. Fed. R. Civ. P. 37(a). Thus, *JOM, Inc. v. Adell Plastics, Inc.*, 193 F.3d 47, 50 (1st Cir. 1999) remains good law and it was incumbent on the County to confer to obtain the discovery necessary to prove its claims rather than lying in wait to seek exclusion of such evidence at the motion in limine stage.

**B. ICSOP's Assertion That A Determination On Erosion Cannot Be Made At This Time Is Proper For Reconsideration**

The County contends ICSOP's argument that the Court may not have considered a judicial declaration regarding erosion cannot be made at this time is new based on Ms. Gross' declaration regarding the Yucaipa claim. However, the County's new assertion that it can obtain a declaration regarding erosion as an evidentiary sanction arising from the Order was not at issue in the underlying briefing. To the extent the Order permits such relief, the Court should consider this material fact.

**C. The Fact That ICSOP Did Not Hold Out The Loss Run As An Allocation Was Not Already Rejected By The Court**

The County contends ICSOP's argument that the Court may not have

considered the material fact that ICSOP did not hold out the loss run as an allocation was already rejected by the Court. However, the Order appears to have adopted the County's argument that the loss run shows that ICSOP assigned all prior payments to only one of the three policies at issue here, leaving the aggregate limits of its other two policies fully intact without considering that there is no evidentiary support that ICSOP represented the loss run as an allocation of the erosion of limits. (ECF No. 275 at 4, 7; ECF No. 191 at 5:1-19.) As discussed in ICSOP's moving papers, a loss run produced in litigation without further supporting documentation and/or testimony verifying the payments or allocation made therein is insufficient to bind an insurer to a finding with regard to exhaustion. (ECF No. 277 at 23:7-24.) Here, where the County failed to meet and confer and to obtain any evidence beyond the loss run to support any claim for lack of exhaustion, there is no basis to conclude the loss run establishes how ICSOP allocated payments or is the only evidence of erosion.

### D. ICSOP's Assertions Regarding Prejudice Are Proper

The County contends ICSOP's prejudice argument based on Ms. Gross' declaration must be denied as the Court has already rejected this declaration. However, the declaration is only intended to support that approximately only $18.5 million remains of the ICSOP Policies aggregate limits and is available no matter how the $62,431,862.28 in prior payments made to the County are allocated. The County has come forward with no factual scenario or legal authority that would support more than approximately $18.5 million in coverage is available given the prior payments supported by Ms. Gross' declaration. Under these circumstances, the requested judicial determination that the County now seeks finding that $54 million remains in aggregate limits under the latter two ICSOP Policies would be substantially unwarranted and unduly prejudicial if allowed.

## IV. CONCLUSION

Based on the above and the reasons discussed in ICSOP's moving papers, the Court should grant ICSOP's motion.

DATED: March 22, 2024

HEROLD & SAGER

By: */s/ Nicholas B. Salerno*

LINDA L. SAGER, ESQ.
lsager@heroldsagerlaw.com
NICHOLAS B. SALERNO, ESQ.
nsalerno@heroldsagerlaw.com
DREW P. ROSELL, ESQ.
drosell@heroldsagerlaw.com

-and-

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC

KENNETH H. SUMNER, ESQ.
ksumner@spcclaw.com
STEPHEN R. WONG, ESQ.
swong@spcclaw.com

Attorneys for Defendant THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA